# Exhibit J


# JAVITCH LAW OFFICE

MARK L. JAVITCH, ESQ.
Mark@javitchlawoffice.com

April 3, 2025

**Via Email**

Andrew Tucker Davison <Tucker.Davison@troutman.com>
Charles E Phipps <Charles.Phipps@troutman.com>
David Anthony Solitro <Daniel.Solitro@troutman.com>
Troutman Pepper Locke LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201

*Attorneys for the Sixth Floor Museum*

> RE:     ***Request for Permission to Use the Zapruder Film Copyright; Forum on Open Access to Public (Government) Records v. Sixth Floor Museum**, No. 24-cv-02299-B (N.D. Tex)*

Dear counsel,

Your client's Reply Brief stated that "Defendant is open to licensing the copyright in the Zapruder Film to Plaintiff for research and commentary purposes, but Plaintiff must make clear the scope of its proposed use in order for Defendant, the copyright holder, to make a determination as to whether to grant a license and under what terms."

Plaintiff has already published multiple Zapruder frames and a short video of some frames on its website. Plaintiff now seeks copyright permission from the Museum before investing significantly more time and effort on this project. Plaintiff requests a broad license to use the Zapruder film and frames for its current project and for any future projects.

Regarding Plaintiff's current project, Plaintiff has now decided to change it to a project that is commercial in nature. Plaintiff will offer paid access to its website and will sell a book containing Zapruder frames from various sources. Plaintiff will also sell, market, distribute and/or publish videos and films that discuss the Zapruder film and contain images of the Zapruder film and frames. Plaintiff will publish comparisons of Zapruder frames in support of its opinions of the film after Plaintiff obtains them from the National Archives and from various publications from the historical record.

Plaintiff has also published some of its initial opinions containing reprints of additional frames since the website was launched with the initial comparison of five versions of frame 188. In addition to frame 188, Plaintiff has now reproduced frames 1, 2, a video showing frames 131-134, and individual frames 154, 157, 207, 212, 317, 321, and 323 from various sources. See generally, zapruderframes.com.

To explain Plaintiff's project further, Plaintiff will publish a book, distribute films, and create a paid website featuring a comparison of Zapruder frames in support of its opinions that:

1. The existing Zapruder film was not taken by Abraham Zapruder;

2. The film is a composite that did not originate in a camera;

3. The copyright in the Zapruder film should be declared invalid.

Accordingly, Plaintiff requests permission to use the Zapruder copyright in order to:

1. Obtain and publish all Zapruder films and frames of any kind or version held in the National Archives, or from any printed publication. Plaintiff will sell a book and a paid section on Plaintiff's website, zapruderframes.com;

2. Sell, market and/or distribute films that contain images of the Zapruder film and frames.

Therefore, for the above uses described herein, Plaintiff seeks permission from the Museum to commercially publish all Zapruder frames and/or film without limitation in Plaintiff's book and/or paid section of its website.

If the Museum is willing to grant Plaintiff's request, please confirm the following:

1. Confirm that the Museum grants permission to Plaintiff to use the copyright to obtain copies of all Zapruder materials in the National Archives, as well as to use those materials to publish and sell a commercial book and website access about the Zapruder film using all frames 1-486 at any time on a permanent basis;

2. Confirm that the Museum promises not to sue Plaintiff for any previous or future infringement and for selling its book and website access to Plaintiff's opinions discussed above and the publishing of all frames 1-486 from any source;

3. Confirm that the Museum promises not to sue Plaintiff for any previous or future marketing, distributing and/or publishing of films that contain the Zapruder film and/or frames;

4. Send a letter to the National Archives, with a carbon copy to Plaintiff's counsel, confirming that Plaintiff has the Museum's permission to obtain copies of any and all Zapruder records and materials held at the National Archives, in any form or format, including the highest resolution versions available. The letter should indicate that the National Archives should reverse its denial of Plaintiff's June 28, 2024, and August 8, 2024, FOIA requests that were denied on the grounds that the Museum's copyright blocked the requests;

Further, in support of the Museum's claim to the copyright, can you please provide:

1. Any evidence of a 1975 contract that purports to transfer the copyright from Time, Inc. to the Zapruder heirs relied on by the Museum;

2. Any evidence that frames 154-157 and 207-212 are originals;

3. Any evidence that Time, Inc. retained the copyright to frames 207-212;

Thank you for your time and attention to this letter. Can you please respond by April 15, 2025 to indicate your client's position on these matters.

Sincerely,

Mark L. Javitch
*Attorney for Plaintiff*