# Exhibit K



Troutman Pepper Locke LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201

www.troutman.com

**Charles E. Phipps**
PH: 214.417.9929
Charles.Phipps@Troutman.com

April 15, 2025

**VIA EMAIL**

Mark L. Javitch, Esq.
Javitch Law Office
Mark@javitchlawoffice.com

**Re:     Your April 3, 2025 Letter**

Dear Mr. Javitch,

As legal counsel for the Dallas County Historical Foundation d/b/a The Sixth Floor Museum at Dealey Plaza ("Museum"), I respond to your April 3, 2025 letter.

As an initial matter, the Museum is concerned about whether you are acting in good faith and whether your request is merely a ploy to attempt to create a basis for another lawsuit against the Museum. You have filed two lawsuits against the Museum, both prior to any effort on your part to seek a license.  Moreover, you have rejected a previous offer of a license from the Museum.  Furthermore, as to your recent request for a commercial license, it does not appear that you or your client have the experience or finances to launch a successful commercial project.

To address the concerns of the Museum, please respond to this letter and indicate that you and your client acknowledge the copyrights of the Museum in the Zapruder film and indicate what experience or finances you possess to launch a successful commercial project.

The concerns of the Museum are based on the history of your actions concerning the copyrights of the Museum, including as summarized below.

**I.      The FOIA Request and the California Lawsuit**

On December 11, 2023, you filed a Freedom of Information Act request to the National Archives and Records Administration ("NARA") seeking copies of the Zapruder Film. (See Exhibit A, Complaint, ¶ 70). On December 22, 2023, NARA responded and indicated that permission to reproduce the Zapruder film must be obtained from the Museum before copies can be made. (Id., ¶ 74).  You did not seek permission from the Museum, but instead filed a lawsuit.

In your first lawsuit, you filed a Complaint on February 20, 2024 in the United States District Court for the Northern District of California on behalf of FOIACONSCIOUSNESS.COM LLC, a California limited liability company. *See FOIACONSCIOUSNESS.COM LLC v. National Archives and Records Administration and Dallas County Historical Foundation d/b/a The Sixth Floor Museum at Dealey Plaza*, 3:24-cv-00997-TSH (N.D. Cal.).

troutman
pepper locke

The Complaint acknowledged that the Museum asserts copyrights in the Zapruder film. (Exh. A, Complaint, ¶ 24). The Complaint acknowledged that NARA asserted that the Museum holds the copyright in the Zapruder film. (Id., ¶ 7, 20).  The Complaint acknowledged that the Zapruder film was previously sold "to Time, Inc. d/b/a Life magazine for $150,000 (at least $1.5m in today's dollars)." (Id., ¶ 43); and that the Zapruder film has been licensed and has generated royalties. (Id., ¶ 51).  Thus, as of December 22, 2023 you were aware that NARA acknowledges the Museum's copyrights in the Zapruder film; and as of February 20, 2024, you acknowledged that the Museum asserts copyrights in the Zapruder film, and that the Zapruder film has commercial value.

The Plaintiff has a website (i.e., FOIAConsciousness.com) ("FOIA Website"). The terms and conditions of the FOIA Website include Section 3, entitled "Intellectual Property Rights." Section 3 states: "The content, features, and functionality of the Website, including but not limited to text, graphics, logos, images, and software, are the intellectual property of FOIACONSCIOUSNESS.COM and are protected by copyright and other intellectual property laws. You may not modify, reproduce, distribute, or create derivative works based on any part of the Website without our prior written consent."  (See Exhibit B, Section 3).  Thus, even though the Plaintiff sought the ability to copy the Zapruder film without a license from the Museum, the Plaintiff asserts copyrights in its own FOIA Website.

On April 24, 2024, the Museum filed a motion to dismiss the lawsuit because the Court did not have personal jurisdiction over the Museum. (Doc. 26). Plaintiff disputed the motion and filed a response on May 8, 2024. (Doc. 27). The Museum filed a reply in support of its motion on May 15, 2024. (Doc. 29). On June 6, 2024, the Court granted the motion but allowed Plaintiff the opportunity to file an amended complaint by July 8, 2024. (Doc. 39).  Instead of filing an amended complaint, Plaintiff filed a notice on June 11, 2024 voluntarily dismissing the Museum from the lawsuit. (Doc. 40).

Although Plaintiff sought to "inform the public about the Zapruder film" (Exh. A, ¶ 13), the Complaint admitted that the Zapruder film has been publicly viewed. (Id., at ¶ 48). Thus, the motive of Plaintiff in filing the lawsuit did not seem to be merely to provide information to the public, but to harm the copyrights of the Museum.

At no point during the lawsuit did the Plaintiff or you seek permission from the Museum to license the copyrights of the Museum in the Zapruder film. Moreover, neither you nor the Plaintiff indicated any specific use of the Zapruder film that was intended.  The Museum incurred attorneys fees in responding to the first lawsuit.

## II.    Additional FOIA Requests and The Second Lawsuit

On June 28, 2024 and August 8, 2024, you filed FOIA requests with the NARA seeking copies of the Zapruder Film. (See Exhibit C, ¶ 44-51). NARA responded to both requests indicating that permission to reproduce the Zapruder film must be obtain from the Museum before copies can be made. (Exh. C, ¶ 45, 50).  You did not seek permission from the Museum, but instead filed a lawsuit.

In your second lawsuit, which was filed on September 9, 2024, you represented a different entity, i.e., the Forum on Open Access to Public Records Inc. ("Forum") and filed suit in the United States District Court for the Northern District of Texas. *See Forum on Open Access to Public Records Inc. v. Dallas County Historical Foundation d/b/a The Sixth Floor Museum*, 3:24-cv-02299-B (N.D. Tex.). (Exhibit C, Complaint). In your second lawsuit, you sought a declaratory

troutman
pepper locke

judgment that the copyrights asserted by the Museum in the Zapruder film are invalid and unenforceable. (Exh. C, ¶ 1, 10).

The Complaint acknowledged that the Museum asserts copyrights in the Zapruder film. (Exh. C, Complaint, ¶ 9). The Complaint acknowledged that the NARA asserted that the Museum holds the copyright in the Zapruder film. (Id., ¶ 7, 43). The Complaint acknowledged that the Zapruder film was previously sold "to Time, Inc. for $150,000, (or $1,540,000 in 2024 inflation-adjusted dollars)." (Id., ¶ 21); and that the Zapruder film has the ability to generate royalties. (Id., ¶ 31). The Complaint further acknowledged that the Zapruder film had been valued at $30,000,000 and that the Zapruder family had been paid $16,000,000 ($30,000,000 in inflation adjusted 2024 dollars) for a prior taking of the film. (Id. at ¶ 38, 39). Thus, your second complaint further acknowledges that you are aware that NARA acknowledges the Museum's copyrights in the Zapruder film; that the Museum asserts copyrights in the Zapruder film; and that the Zapruder film has commercial value.

On December 4, 2024, the Museum filed a motion to dismiss for lack of standing (Doc. 21). In the Museum's brief in support of the motion, the Museum made clear that it had "no information about Plaintiff's potential future uses of a copy of the Zapruder Film. Thus, Defendant has not even been given the opportunity to take a position as to whether it would license Plaintiff to use a copy of the Zapruder Film." (Doc. 22, pp. 10-11 of the brief). In the Forum's response brief, you indicated for the first time a specific use of the Zapruder film made by the Forum, i.e., "Plaintiff has already published a comparison of five versions of Zapruder Frame 188 on its live website, https://zapruderframes.com/zapruder-frame-188/...." (Doc. 24, p. 12 of the brief). This analysis is the only specific use of the Zapruder film by you or your entities.

On January 9, 2025, the Museum filed a reply brief and granted Forum a license "to use the copyright in Frame 188 as it has done so on its website." (Doc. 27, p. 10 of the brief).

On January 13, 2025, you sent me an email and, on behalf of the Forum, rejected the Museum's offer for a license. (Exh. D).

The Forum's analysis of Zapruder Frame 188 remains on the Forum's Website and includes this statement" "Copyright (C) 2025 by Forum on Open Access to Public Records, Inc. All rights reserved. Permission to use the copyright for the Zapruder Film has been requested from the Sixth Floor Museum." (Exh. E, printed on 04-14-25). Thus, even though the Forum sought the ability to copy the Zapruder film without a license from the Museum, the Forum asserts copyrights in its own analysis of Zapruder Frame 188.

On March 31, 2025, the Court granted the Museum's motion. (Doc. 29). In so doing, the Court held that the Forum needed to allege conduct by the Museum that implies an imminent threat of impending legal action. (Id. at p. 5). The Court then entered a Final Judgment in favor of the Museum. (Doc. 30). The Museum incurred attorneys fees in responding to your second lawsuit.

At no point prior to your filing the two lawsuits and at no point during their pendency, did you make any request on behalf of your clients to the Museum for a license to use the copyrights in the Zapruder film.

As you quote in your letter, the Museum stated in its reply brief that it "is open to licensing the copyright in the Zapruder Film to Plaintiff for research and commentary purposes, but Plaintiff must make clear the scope of its proposed use in order…to make a determination as to whether the grant a license and under what terms." (Doc. 27, p. 10 of the brief).

troutman
pepper locke

### III. <u>Your April 3, 2025 Letter</u>

Your April 3, 2025 letter was sent three days after the Court entered judgment against your client in the second lawsuit. Your letter is the first instance wherein you or any of your clients request a license from the Museum to use the copyrights in the Zapruder film. This request is well over a year since you began your FOIA request activities and filed two lawsuits, both of which were resolved in favor of the Museum.

Your request for a license in the copyrights held by the Museum includes a request to publish a book, distribute films, and create a paid website to support the Forum's opinion that "the copyright in the Zapruder film should be declared invalid." (See paragraph 3 on the top portion of page 2 of your letter). This request indicates that your request for a license is being made in bad faith, including that you are seeking to invalidate the copyrights of the Museum rather than respecting them. The intent of your client to seek to invalidate the Museum's copyright is also expressly stated on its website. (See Exh. F, p. 2, paragraph 3).

Although the Court made clear, that any use by you of the copyright must be specific, your recent letter seeks: "a broad license to use the Zapruder film and frames for its current project and for any future projects…."; and wherein the Forum plans "to change it to a project that is commercial in nature." You further request a license to allow the Forum to use the copyrights "at any time on a permanent basis." (See paragraph 1 in the middle portion of page 2 of your letter). These requests lack specificity such that the Museum cannot make an assessment as to whether to grant a license.

On the Forum's Website, it acknowledges that it needs permission from the Museum: "This site is operated by the Forum on Open Access to Government Records. We will present various analysis of the Zapruder Film and Frames as we work towards publishing a book and turn this site into a paid membership site. Our work features the most up to date and technologically advanced studies of the Zapruder Film. Prior to finishing our work, **we need permission from the Sixth Floor Museum in Dallas to publish all of the remaining frames of the Zapruder Film**." (Exh. F, emphasis added).

### IV. <u>License and Invitation for Specific Requests</u>

Although you rejected the license offered previously by the Museum, the Museum hereby renews its offer for the works published on the Forum's website as currently viewed by the Museum. Although your letter mentions a video on the Forum's website, I am not able to be locate or view it.

In the event that you have specific future projects, you are invited to submit a request for a license. See Section V., below. Please note that you must acknowledge that the Museum owns the copyrights and agree to refrain from any efforts to challenge the validity of the copyrights. As you may know, such acknowledgments and agreements are common in copyright license agreements.

Your general assertions about pursuing a future commercial use of the Zapruder film remains too vague. Moreover, we would need assurances of your ability to launch a successful commercial project.

The Museum rejects your request to send a letter to NARA. (see paragraph 4 in the middle section on page 2 of your letter).

troutman
pepper locke

---

The Museum rejects your request for evidence, which was made in paragraphs 1-3. (See the bottom portion of page 2 of your letter). Moreover, there is no ongoing lawsuit such that your request to obtain discovery of evidence is improper.

Please note that at this time there is no conduct by the Museum that implies an imminent threat of impending legal action against the Forum.

**V.      The Museum's Licensing Program**

As you may know, the Museum has a publicly available licensing program, provides a form to be completed and provides a contact email address. See https://www.jfk.org/rights-and-reproductions/. (Exh. G, "The Museum welcomes requests for reproductions and licensing of materials from the collections."). Requests are reviewed by the Museum on a case-by-case basis. As stated: "Submit this form to request reproductions or permission to use content from the Museum's collections and receive information about fees and licensing. Please note that the Museum receives a high volume of requests, and you should allow up to three weeks for review and processing. Once your request is reviewed, a Museum representative will contact you with further information pertaining to your specific request, including any relevant fees. Please provide all relevant information and details. Provided information is used to evaluate each request and determine any appropriate reproduction and/or license fees. Please note that the Museum does not license material in perpetuity or for the blanket term "all media." Licenses can only be obtained for terms of specific length and for specified, currently existing media." (Id.).

Please note that as to requests concerning the Zapruder film, the Museum's license rates are based on type, extent and length of the proposed license. The Museum does not license the Zapruder film for promotional use (including in-context promotion and on-air promotion). No advertising or promotional use of the Zapruder film is permitted. Any license is subject to a mutually executed written agreement.

Sincerely,

By: _/s Charles E. Phipps_