**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| FORUM ON OPEN ACCESS TO GOVERNMENT RECORDS INC., | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | 3:25-cv-02034-B |
| DALLAS COUNTY HISTORICAL FOUNDATION, d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA, AND NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | § § § § § § § | |
| *Defendants*. | § | |

**DEFENDANT DALLAS COUNTY HISTORICAL FOUNDATION, d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA'S MOTION TO DISMISS**

Defendant Dallas County Historical Foundation d/b/a The Sixth Floor Museum at Dealey Plaza ("Defendant") respectfully files this Motion to Dismiss Plaintiff Forum on Open Access to Government Records Inc.'s ("Plaintiff") Original Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion").  Defendant's Motion should be granted pursuant to Rule 12(b)(1) because Plaintiff lacks standing to pursue any claims against Defendant. Defendant's Motion should be granted pursuant to Rule 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted.

Further, in recent briefing in the Texas Lawsuit, discussed below, Plaintiff's counsel admitted that it has "no clarity as to if or when Defendant will initiate legal action." *Forum on Open Access to Pub. Records Inc. v. Dallas Cnty Hist. Found.*, 3:24-cv-2299-B (N.D. Tex.) ("Texas Lawsuit") (Doc. 38, p. 4). That admission is dispositive of the current lawsuit because Plaintiff lacks sufficient immediacy that is required to pursue a declaratory judgment lawsuit.

1

## I.    INTRODUCTION

Defendant is a Texas educational and charitable non-profit corporation that operates the Sixth Floor Museum at Dealey Plaza that chronicles the assassination and legacy of President John F. Kennedy. On November 22, 1963, Abraham Zapruder filmed an 8mm color home movie showing the presidential motorcade and assassination of President John F. Kennedy in Dealey Plaza ("Zapruder Film"). This lawsuit concerns the copyrights in the Zapruder Film that were donated to Defendant by the Zapruder Family in 1999.

As the copyright holder, Defendant operates a licensing program for its Works, including the Zapruder Film, which is designed to simplify and streamline the licensing request process and is publicly available on its website. The licensing program expressly states certain licensing conditions. While Defendant has granted license requests to researchers, filmmakers or other requestors wishing to use the Zapruder Film for specified purposes, Defendant is under no obligation to grant any requests—particularly requests, including those from the Plaintiff, that do not comply with the licensing conditions. The Plaintiff and its counsel have also made allegations against Defendant and sought to invalidate its copyright.

This is the third lawsuit Plaintiff's counsel has filed against the Defendant. Each of the lawsuits involve nearly identical issues. *See Foiaconsciousness.com LLC v. Nat'l Archives & Records Admin., et al.*, Case No. 3:24-cv-00997-JD (N.D. Cal.) ("California Lawsuit"); Texas Lawsuit.

Plaintiff's counsel's first lawsuit was filed against the Defendant and the National Archives, but on behalf of Foiaconsciousness.com LLC.  *See* California Lawsuit.  In the California Lawsuit, the Court granted Defendant's motion to dismiss for lack of personal jurisdiction on June 6, 2024, and then granted the National Archives' motion for summary judgment on June 30, 2025, entering judgment against Foiaconsciousness.com LLC and its FOIA claim. *See id.*, Docs. 39, 49, & 50.

2

On September 9, 2024—merely three months after the Court granted Defendant's motion to dismiss in the California Lawsuit—Plaintiff's counsel filed its second lawsuit, the Texas Lawsuit, against Defendant in this Court for nearly identical claims. *See* Texas Lawsuit. On March 31, 2025, this Court entered a Memorandum Opinion and Order holding that the Court lacked subject-matter jurisdiction over the case the Plaintiff has not alleged an actual case or controversy. *Id.*, Doc. 29.

Even though the Texas Lawsuit had been dismissed, Plaintiff sought leave to amend the Complaint over two months after the case was dismissed—a procedurally improper motion. *Id.*, Doc. 32. On July 22, 2025, this Court denied Plaintiff's untimely motion for leave. *Id.*, Doc. 39. Of significance for this current lawsuit, Plaintiff's counsel admitted in the Reply Brief to the motion for leave that it has "no clarity as to if or when Defendant will initiate legal action." *Id.*, Doc. 38, at p. 4. That admission is dispositive of its current lawsuit because, as of this filing, the Defendant has expressed no intention to sue the Plaintiff.

On August 1, 2025, Plaintiff's counsel filed the current lawsuit against the National Archives and Defendants, once again asserting nearly identical claims as the Texas Lawsuit but this case was brought by a slightly different named party, i.e. Forum on Open Access to Government Records Inc. as opposed to Forum on Open Access to Public Records Inc.

Plaintiff alleges to be an entity "dedicated to making public records more accessible to the public." Doc. 1, at ¶ 32. However, Plaintiff's existence and Plaintiff's counsel's purpose appear to be solely for litigation, i.e., by bringing two consecutive lawsuits—the Texas Lawsuit, and the current lawsuit—along with Plaintiff's counsel bringing the California Lawsuit on behalf of a different entity but with nearly identical claims.

Further, the Complaint alleges that Plaintiff is a non-profit corporation founded on July 12,

2024, less than two months before Plaintiff filed the Texas Lawsuit. According to the Certificate of Formation filed with the Texas Secretary of State (Exs. 1-2), the directors are Mark Javitch (Plaintiff's counsel), Allison Javitch, and Andrew Boehm (presumably a former client of Plaintiff's counsel, *see Boehm v. Shore Funding Sols. Inc., et al.*, Case No. 8:23-cv-00561-BCB-SMB (D. Neb.)).  Viewed with Plaintiff's actions in creating a website and publishing a book on May 6, 2025, *after* facing dismissal in the Texas Lawsuit, Plaintiff's actions suggest its intent is simply to manufacture a way to bring Defendant to court rather than a genuine concern for the public.  *See* Texas Lawsuit (Doc. 27, at p. 3; Doc. 29, at pp. 1-3).

Despite Plaintiff and Plaintiff's counsel's several lawsuits against Defendant over nearly identical claims, Plaintiff's claims still are factually and legally subject to dismissal for the reasons outlined below and addressed more fully in Defendant's supporting Brief.

Plaintiff is not seeking access to the Zapruder Film.  Indeed, Plaintiff already has the ability to access the Zapruder Film.  Anyone can inspect the original Zapruder Film by visiting the National Archives' facility in College Park, Maryland. Plaintiff seeks instead to destroy the copyrights of Defendant through manufacturing a controversy in creating a website and publishing its book "*SCAM*" only after facing dismissal, solely because it is of the opinion that the Zapruder Film should not be subject to copyright protections. *See* Texas Lawsuit (Doc. 27, at p.3; Doc. 33, at p. 8). Defendant has not threatened litigation. Further, Defendant has no obligation to grant Plaintiff's request for a license, especially given Plaintiff's explicit purpose in seeking to invalidate Defendant's copyright as shown through the filed lawsuits, Plaintiff's counsel's book "*SCAM*," and Plaintiff's own statement: "[o]nce the evidence of the Zapruder film alteration becomes widely known by the public, the Museum will be exposed as a distributor of propaganda rather than a genuine truth-seeking organization." Doc. 1, at ¶ 15.

4

## II.   CONCLUSION

For the foregoing reasons and those provided in detail in Defendant's Brief in Support of its Motion to Dismiss, Defendant respectfully requests its Motion to Dismiss be granted, the Court dismiss Plaintiff's claims with prejudice, and grant Defendant any such further relief to which it may be entitled.

Dated: September 4, 2025

Respectfully Submitted,

*/s/ Charles E. Phipps*

Charles E. Phipps
  Texas State Bar No. 00794457
  charles.phipps@troutman.com
A. Tucker Davison
  Texas State Bar No. 24120794
  tucker.davison@troutman.com
Kara Anderson
  Texas Bar No. 24142638
  Kara.foister@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**COUNSEL FOR DEFENDANT
DALLAS COUNTY HISTORICAL
FOUNDATION, d/b/a THE SIXTH
FLOOR MUSEUM AT DEALEY
PLAZA**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2025, I electronically filed the foregoing with the

Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all

counsel of record.

*/s/ Charles E. Phipps*
Charles E. Phipps
