**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| FORUM ON OPEN ACCESS TO GOVERNMENT RECORDS INC., | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | 3:25-cv-02034-B |
| DALLAS COUNTY HISTORICAL FOUNDATION, d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA, AND NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | § § § § § § § § | |
| *Defendants*. | § | |

**DEFENDANT DALLAS COUNTY HISTORICAL FOUNDATION, d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.  LEGAL STANDARD ........................................................................................................1

    A.  Rule 12(b)(1) Standard ..................................................................................1

    B.  The Declaratory Judgment Act Standard ......................................................3

    C.  Rule 12(b)(6) Standard ..................................................................................5

II.  BACKGROUND ..............................................................................................................6

III.  ARGUMENTS ..................................................................................................................9

    A.  This Court Lacks Subject-Matter Jurisdiction and should Dismiss this
Case with Prejudice under Rule 12(b)(1)......................................................9

    B.  Alternatively, Plaintiff's Declaratory Judgment Causes of Action should
be Dismissed under Rule 12(b)(6) for Failure to State a Claim upon which
Relief Can be Granted..................................................................................12

        1.  Plaintiff's first and second causes of action (Invalidity,
Unenforceability, and Non-Infringement based on Lack of
Originality and Waiver) fail to state a claim upon which relief can
be granted ........................................................................................12

        2.  Plaintiff's third cause of action (Invalidity based on Fraud on the
Copyright Office) fails to state a claim  upon which relief can be
granted..............................................................................................14

        3.  Plaintiff's fourth cause of action (Invalidity based on
Abandonment) fails to state a  claim upon which relief can be
granted..............................................................................................16

        4.  Plaintiff's fifth cause of action (Invalidity based on the Museum
Never Obtaining the Copyright) fails to state a claim upon which
relief can be granted.........................................................................18

        5.  Plaintiff's sixth cause of action (Invalidity based on Merger of Idea
and Expression) fails to state a claim upon which relief can be
granted..............................................................................................20

        6.  Plaintiff's seventh cause of action (Invalidity based on Suppression
of Facts) fails to state a claim upon which relief can be granted...............21

        7.  Plaintiff's eighth cause of action (Declaratory Judgment of Fair
Use) fails to state a  claim upon which relief can be granted ....................21

IV.  CONCLUSION................................................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Life Ins. Co. v. Haworth*,
  300 U.S. 227 (1937)........................................................................................................3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................5, 6

*Bobby Goldstein Prods., Inc. v. Habeeb*,
  No. 3:21-CV-1924-G, 2022 WL 5250284 (N.D. Tex. Oct. 6, 2022) ......................................16

*Boehm v. Shore Funding Sols. Inc., et al.*,
  Case No. 8:23-cv-00561-BCB-SMB (D. Neb.) ..........................................................................8

*Bowlby v. City of Aberdeen*,
  681 F.3d 215 (5th Cir. 2012) .................................................................................................5

*Cinel v. Connick*,
  15 F.3d 1338 (5th Cir. 1994) ...............................................................................................2

*Diagnostic Unit Inmate Council v. Films Inc.*,
  88 F.3d 651 (8th Cir. 1996) ...............................................................................................5

*Domain Vault LLC v. McNair*,
  No. 3:14-CV-1126-L, 2015 WL 5695519 (N.D. Tex. Sept. 28, 2015)......................................2

*Erving v. Dallas Hous. Auth.*,
  No. 3:16-CV-1091-L, 2018 WL 4409797 (N.D. Tex. Sept. 17, 2018)......................................2

*Fantastic Fakes, Inc. v. Pickwick Int'l, Inc.*,
  661 F.2d 479 (5th Cir. 1981) ...............................................................................................16

*Fed'n of State Massage Therapy Bds. v. Mendez Master Training Ctr., Inc.*,
  393 F. Supp. 3d 557 (S.D. Tex. 2019) ..................................................................................17

*Foiaconsciousness.com LLC v. Nat'l Archives & Records Admin., et al.*,
  Case No. 3:24-cv-00997-JD (N.D. Cal.)....................................................................7, 8, 11, 18

*Forum on Open Access to Public Records Inc. v. Dallas Cnty Hist. Found.*,
  3:24-cv-2299-B (N.D. Tex.) ...............................................................1, 7, 8, 9, 11, 13, 18, 20

*Friedheim v. Hoeber*,
　No. 4:20-cv-00335-O, 2020 WL 10893185 (N.D. Tex. Dec. 16, 2020)............................14, 15

*Funk v. Stryker Corp.*,
　631 F.3d 777 (5th Cir. 2011) ...................................................................................................2

*Gen. Universal Sys., Inc. v. Lee*,
　379 F.3d 131 (5th Cir. 2004) ...........................................................................................18, 19

*Haas Outdoors, Inc. v. Dryshod Int'l, LLC*,
　No. 1:18-CV-596-RP, 2020 WL 555385 (W.D. Tex. Feb. 4, 2020) .................................14, 15

*Harper & Row Publishers, Inc. v. Nation Enters.*,
　471 U.S. 539 (1985)..................................................................................................17, 20, 22

*Int'l Med. Prosthetics Research Assocs. v. Gore Enters. Holdings, Inc.*,
　787 F.2d 572 (Fed. Cir. 1986)................................................................................................11

*Julien v. St. John Baptist Par. Sch. Sys.*,
　No. CV 21-1081, 2023 WL 1992323 (E.D. La. Feb. 14, 2023) .................................................3

*Malibu Media, LLC v. Schmidt*,
　No. SA-19-CV-00599-XR, 2020 WL 5351079 (W.D. Tex. Sept. 1, 2020) .......................16, 17

*Malibu v. Martin*,
　No. H-18-4425, 2019 WL 3802678 (S.D. Tex. Aug. 13, 2019)..............................................16

*Malik v. U.S. Dep't of Homeland Sec.*,
　619 F.Supp.3d 652 (N.D. Tex. 2022) .......................................................................................4

*Manning v. Merrill Lynch Pierce Fenner & Smith Inc.*,
　No. 6:23-CV-00475, 2024 WL 3569977 (E.D. Tex. July 29, 2024) .........................................2

*Mason v. Montgomery Data, Inc.*,
　967 F.2d 135 (5th Cir. 1992) .................................................................................................13

*MCG, Inc. v. Great W. Energy Corp.*,
　896 F.2d 170 (5th Cir. 1990) ...................................................................................................2

*MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*,
　957 F.2d 178 (5th Cir. 1992) ...................................................................................................2

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
　518 F. Supp. 2d 1197 (C.D. Cal. 2007) .................................................................................17

*Moran v. Kingdom of Saudi Arabia*,
　27 F.3d 169 (5th Cir. 1994) .....................................................................................................1

iii

*Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*,
   783 F.3d 527 (5th Cir. 2015) ..................................................................................12, 13

*Norma Ribbon & Trimming, Inc. v. Little*,
   51 F.3d 45 (5th Cir. 1995) ...............................................................................................19

*Okpalobi v. Foster*,
   244 F.3d 405 (5th Cir. 2001) (*en banc*) ........................................................................4

*Re-Alco Indus., Inc. v. Nat'l Ctr. for Health Educ., Inc.*,
   812 F. Supp. 387 (S.D.N.Y. 1993) ...............................................................................5

*Ruhrgas AG v. Marathon Oil Co.*,
   526 U.S. 574 (1999)...........................................................................................................1

*Sherwin–Williams Co. v. Holmes Ct*y.,
   343 F.3d 383 (5th Cir. 2003) ..............................................................................4, 5, 9, 12

*Skelly Oil Co. v. Phillips Petroleum Co.*,
   339 U.S. 667 (1950)...........................................................................................................3

*Spectrum Creations, Inc. v. Catalina Lighting, Inc.*,
   No. Civ.A.SA-00-CA-875-F, 2001 WL 1910566 (W.D. Tex. Aug. 1, 2001) .........................14

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016).........................................................................................................12

*St. Thomas—St. John Hotel & Tourism Ass'n, Inc. v. Gov't of U.S. Virgin Islands*,
   218 F.3d 232 (3d Cir. 2000).............................................................................................4

*Standard Fire Ins. Co. v. Sassin*,
   894 F.Supp. 1023 (N.D. Tex. 1995) ...............................................................................3

*State of Texas v. West Pub. Co.*,
   681 F. Supp. 1228 (W.D. Tex. 1988), aff'd, 882 F.2d 171 (5th Cir. 1989).............................11

*State of Texas v. West Pub. Co.*,
   882 F.2d 171 (5th Cir. 1989) ................................................................................5, 9, 11

*Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*,
   940 F. Supp. 1026 (E.D. Tex. 1996).................................................................................6

*Stockman v. Fed. Election Comm'n*,
   138 F.3d 144 (5th Cir. 1998) ...........................................................................................3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)...........................................................................................................2

iv

*Texas v. Travis Cty.*,
   272 F.Supp.3d 973 (W.D. Tex. 2017)......................................................................4

*United Transp. Union v. Foster*,
   205 F.3d 851 (5th Cir. 2000) ...............................................................................3

*Vaad L'Hafotzas Sichos, Inc. v. Krinsky*,
   133 F. Supp. 3d 527 (E.D. N.Y. 2015) ................................................................14

*Vantage Trailers, Inc. v. Beall Corp.*,
   567 F.3d 745 (5th Cir. 2009) ............................................................................5, 9

*Veeck v. S. Bldg. Code Cong. Int'l Inc.*,
   241 F.3d 398 (5th Cir. 2001) ..........................................................................16, 20

*Waller v. Hanlon*,
   922 F.3d 590 (5th Cir. 2019) ...............................................................................4

*Williamson v. Tucker*,
   645 F.2d 404 (5th Cir. 1981) ...............................................................................2

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995).............................................................................................4

**Statutes**

17 U.S.C. § 410(c) ...........................................................................................12, 14, 18

17 U.S.C. § 411.........................................................................................................15

28 U.S.C. § 2201(a) ....................................................................................................4

17 U.S.C. § 202..........................................................................................................13

**Other Authorities**

5 WILLIAM PATRY ON COPYRIGHT § 17:1265 ..............................................................14

DECLASSIFICATION OF RECORDS CONCERNING THE ASSASSINATIONS OF PRESIDENT
   JOHN F. KENNEDY, SENATOR ROBERT F. KENNEDY, AND THE REVEREND DR.
   MARTIN LUTHER KING, JR., Executive Order 14176 (Jan. 23, 2025) ......................21

Fed. R. Evid. 201 .......................................................................................................2

Fed. R. Evid. 902(5).....................................................................................................3

Fed. R. Civ. P. 12(b)(1).................................................................................1, 2, 3, 9, 22

Fed. R. Civ. P. 12(b)(6).................................................................................5, 6, 12, 22

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Dallas County Historical Foundation d/b/a The Sixth Floor Museum at Dealey Plaza ("Defendant") respectfully files this Brief in Support of its Motion to Dismiss Plaintiff Forum on Open Access to Government Records Inc.'s ("Plaintiff") Original Complaint ("Complaint").[1] Defendant's motion should be granted because the Plaintiff lacks standing to pursue any claims against Defendant; and, or alternatively, because the Plaintiff's various declaratory judgment claims fail to state a claim upon which relief can be granted.

In recent briefing in the Texas Lawsuit, discussed below, Plaintiff's counsel admitted that it has "no clarity as to if or when Defendant will initiate legal action." *Forum on Open Access to Pub. Records Inc. v. Dallas Cnty. Hist. Found.*, 3:24-cv-2299-B (N.D. Tex.) (Doc. 38, p. 4). That admission is dispositive of the current lawsuit because Plaintiff lacks sufficient immediacy that is required to pursue a declaratory judgment lawsuit.

## I.    LEGAL STANDARD

### A.    Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts must consider a Rule 12(b)(1) challenge before any other because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception.") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power

---

[1]While Plaintiff titles its filing as its Original Complaint, this is Plaintiff's third attempt to bring the same claims against Defendant, including in a previous action that this Court has already dismissed once before. *See Forum on Open Access to Public Records Inc. v. Dallas County Historical Foundation*, 3:24-cv-2299-B (N.D. Tex.) ("Texas Lawsuit").

1

to hear the case ... [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.,* 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). When ruling on a Rule 12(b)(1) motion, a court may rely upon: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413). The Court may also consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citations omitted).

A district court's use of judicial notice is governed by Federal Rule of Evidence 201. The Court may take judicial notice of public court filings, other district court filings, matters of public record, and other facts that are not subject to reasonable dispute. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). Courts may take judicial notice of public records and documents from government agencies, including copyright registrations and records of assignment with the United Stated Copyright Office, as these are sources whose accuracy cannot be reasonably questioned. *Manning v. Merrill Lynch Pierce Fenner & Smith Inc.*, No. 6:23-CV-00475, 2024 WL 3569977, at *1 (E.D. Tex. July 29, 2024) ("The magistrate judge properly took judicial notice of the Certificate of Incorporation because it bears a government seal or signature, and its accuracy cannot be reasonably questioned."); *Erving v. Dallas Hous. Auth.*, No. 3:16-CV-1091-L, 2018 WL 4409797, at *4 n.4 (N.D. Tex. Sept. 17, 2018) ("Filings with government agencies, public records, and government documents available from an official government website or other reliable source on the Internet have been held not to be subject to reasonable dispute." (quoting *Domain Vault LLC v. McNair*, No. 3:14-CV-1126-L,

2

2015 WL 5695519, at *2 (N.D. Tex. Sept. 28, 2015)); *Julien v. St. John Baptist Par. Sch. Sys.*, No. CV 21-1081, 2023 WL 1992323, at *3 (E.D. La. Feb. 14, 2023) ("Importantly, '[p]ublic records and government documents are generally considered not to be subject to reasonable dispute,' and '[t]his includes public records and government documents available from reliable sources on the Internet.' Federal Rule of Evidence 902(5) indicates that 'publications purporting to be issued by public authority,' including webpages maintained on a government website, are self-authenticating." (internal citations omitted)).

Once a party raises a challenge to subject-matter jurisdiction under Rule 12(b)(1), the burden falls upon the party seeking to invoke the court's jurisdiction to prove that such jurisdiction is proper. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject-matter jurisdiction is lacking. This is the first principle of federal jurisdiction." *Id.* (citation and internal quotation marks omitted).

**B.     The Declaratory Judgment Act Standard**

A definite and concrete dispute must exist so that a court can avoid issuing an advisory opinion on what would otherwise amount to a hypothetical factual circumstance. *MedImmune*, 549 U.S. at 127. Declaratory judgments "must be limited to the resolution of an 'actual controversy.'" *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40 (1937)); *see also Standard Fire Ins. Co. v. Sassin*, 894 F.Supp. 1023, 1026 (N.D. Tex. 1995) ("The Declaratory Judgment Act does not exempt federal district courts from the constitutional requirement that there be an actual controversy between the parties."). The Declaratory Judgment Act does not extend the subject-matter jurisdiction of the court beyond the limits delineated in Article III of the United States Constitution. *Skelly Oil Co. v.*

*Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). "[T]he Declaratory Judgment Act does not itself grant federal jurisdiction." *Okpalobi v. Foster*, 244 F.3d 405, 434 (5th Cir. 2001) (*en banc*).

If an actual controversy exists, the Declaratory Judgment Act provides federal courts with the opportunity to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Supreme Court has held that the Declaratory Judgment Act grants discretion to district courts rather than an absolute right to litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."); *see also Sherwin–Williams Co. v. Holmes Ct*y., 343 F.3d 383, 389 (5th Cir. 2003).

A declaratory judgment or injunction can issue only when the constitutional standing requirements of a case or controversy are met. *St. Thomas—St. John Hotel & Tourism Ass'n, Inc. v. Gov't of U.S. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000). The standing requirements for seeking a declaratory judgment are essentially the same as those required under Article III of the Constitution. *Texas v. Travis Cty.*, 272 F.Supp.3d 973, 978 (W.D. Tex. 2017). The party seeking a declaratory judgment bears the burden of demonstrating the necessary elements to establish standing. *Waller v. Hanlon*, 922 F.3d 590, 603 (5th Cir. 2019); *Malik v. U.S. Dep't of Homeland Sec.*, 619 F.Supp.3d 652, 657 (N.D. Tex. 2022).

The Fifth Circuit has outlined a three-step process that a district court must adhere to when determining whether to decide or dismiss a declaratory judgment case. *Sherwin-Williams*, 343 F.3d at 387.

First, the district court determines whether the declaratory action presents a justiciable actual controversy. *Id.* For copyright cases, which include an overlapping common analytical

framework with patent and trademark cases, *State of Texas v. West Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989), the determination of whether a justiciable actual controversy exists involves "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (*quoting MedImmune*, 549 U.S. at 127). In a copyright case, a plaintiff seeking declaratory relief "must show that it has actually published or is preparing to publish material that is subject to defendant's copyright in manner that places the parties in a legally adverse position." *Diagnostic Unit Inmate Council v. Films Inc.*, 88 F.3d 651, 653 (8th Cir. 1996) (internal citation omitted). In *Re-Alco Indus., Inc. v. Nat'l Ctr. for Health Educ., Inc.*, 812 F. Supp. 387, 395 (S.D.N.Y. 1993), the court held that a declaratory-judgment plaintiff, who was a prospective competitor of the defendant, failed to plead justiciable controversy, because plaintiff had not established that it would immediately begin production.

Second, the court must decide whether it possesses the authority to grant declaratory relief. *Sherwin-Williams*, 343 F.3d at 387.

Third, the court must determine whether to exercise its discretion to decide or dismiss the action. *Id*.

**C.      Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff.  *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

## II.    BACKGROUND

On November 22, 1963, Abraham Zapruder filmed an 8mm color home movie showing the presidential motorcade and assassination of President John F. Kennedy in Dealey Plaza ("Zapruder Film"). This lawsuit concerns the copyrights in the Zapruder Film that were donated to Defendant, a Texas educational and charitable non-profit corporation that operates The Sixth Floor Museum at Dealey Plaza, by the Zapruder Family in 1999. As the copyright holder, Defendant operates a licensing program for its Works, including the Zapruder Film, which is designed to simplify and streamline the licensing request process and is publicly available on its website. The licensing program expressly states certain licensing conditions. While Defendant has granted license requests to researchers, filmmakers or other requestors wishing to use the Zapruder Film for specified purposes, Defendant is under no obligation to grant any requests—particularly requests that do not comply with the licensing conditions. The Plaintiff and its counsel have also made allegations against Defendant and sought to invalidate its copyright.

6

This is the third lawsuit Plaintiff's counsel has filed against the Defendant. Each of the lawsuits involve nearly identical issues. *Foiaconsciousness.com LLC v. Nat'l Archives & Records Admin., et al.*, Case No. 3:24-cv-00997-JD (N.D. Cal.) ("California Lawsuit"); *Forum on Open Access to Pub. Records Inc. v. Dallas Cnty. Hist. Found.*, 3:24-cv-2299-B (N.D. Tex.).

Plaintiff's counsel's first lawsuit was filed against the Defendant and the National Archives, but on behalf of Foiaconsciousness.com LLC. *See* California Lawsuit. In the California Lawsuit, the Court granted Defendant's motion to dismiss for lack of personal jurisdiction on June 6, 2024, and then granted the National Archives' motion for summary judgment on June 30, 2025, entering judgment against Foiaconsciousness.com LLC and its FOIA claim. *See id.*, Docs. 39, 49, & 50.

On September 9, 2024—merely three months after the Court granted Defendant's motion to dismiss in the California Lawsuit—Plaintiff's counsel filed its second lawsuit, the Texas Lawsuit, against Defendant in this Court for nearly identical claims. *See* Texas Lawsuit. On March 31, 2025, this Court entered a Memorandum Opinion and Order holding that the Court lacked subject-matter jurisdiction over the case the Plaintiff has not alleged an actual case or controversy. *Id.*, Doc. 29.

Even though the Texas Lawsuit had been dismissed, Plaintiff sought leave to amend the Complaint over two months after the case was dismissed—a procedurally improper motion. *Id.*, Doc. 32. On July 22, 2025, this Court denied Plaintiff's untimely motion for leave. *Id.*, Doc. 39. Of significance for this current lawsuit, Plaintiff's counsel admitted in the Reply Brief to the motion for leave that it has "no clarity as to if or when Defendant will initiate legal action." *Id.*, Doc. 38, at p. 4. That admission is dispositive of its current lawsuit because, as of this filing, the Defendant has expressed no intention to sue the Plaintiff.

On August 1, 2025, Plaintiff's counsel filed the current lawsuit against the National Archives and Defendants, once again asserting nearly identical claims as the Texas Lawsuit but this case was brought by a slightly different named party, i.e. Forum on Open Access to Government Records Inc. as opposed to Forum on Open Access to Public Records Inc.[2]

Plaintiff alleges to be an entity "dedicated to making public records more accessible to the public." Doc. 1, at ¶ 32. However, through bringing two consecutive lawsuits—the Texas Lawsuit, and the current lawsuit—along with Plaintiff's counsel bringing the California Lawsuit on behalf of a different entity but with nearly identical claims, Plaintiff's existence and Plaintiff's counsel's purpose appear to be solely for litigation. Further, the Complaint alleges that Plaintiff is a non-profit corporation founded on July 12, 2024, less than two months before Plaintiff filed the Texas Lawsuit.  According to the Certificate of Formation filed with the Texas Secretary of State (Exs. 1-2), the directors are Mark Javitch (Plaintiff's counsel), Allison Javitch, and Andrew Boehm (presumably a former client of Plaintiff's counsel, *see Boehm v. Shore Funding Sols. Inc., et al.*, Case No. 8:23-cv-00561-BCB-SMB (D. Neb.)). Viewed with Plaintiff's actions in creating a website and publishing a book on May 6, 2025, *after* facing dismissal in the Texas Lawsuit, Plaintiff's behavior suggests its intent is simply to attempt to manufacture a way to bring Defendant to court rather than a genuine concern for the public.  *See* Texas Lawsuit (Doc. 27, at p. 3; Doc. 29, at pp. 1-3).

---

[2] Defendant previously identified this discrepancy in the Texas Lawsuit, but Plaintiff did not seek to amend its First Amended Complaint to address this error until after the case was dismissed. *See* Texas Lawsuit (Doc. 22, p. 8; Doc. 33, p. 23).

### III.   ARGUMENTS

**A.   This Court Lacks Subject-Matter Jurisdiction and should Dismiss this Case with Prejudice under Rule 12(b)(1)**

Plaintiff's declaratory judgment claims should be dismissed because they fail to meet the three-step analysis set forth by the Fifth Circuit in *Sherwin-Williams.*  343 F.3d at 387.

For the first factor (*i.e.* the existence of an actual controversy), the Supreme Court requires that "the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune*, 549 U.S. at 127 (internal quotations omitted and cleaned up); *West. Pub. Co.*, 882 F.2d at 175 (applying declaratory judgment standard from patent and trademark cases from the Federal Circuit to a copyright declaratory judgment action). The determination of whether a justiciable actual controversy exists involves "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Vantage Trailers*, 567 F.3d at 748 (quoting *MedImmune*, 549 U.S. at 127).

Plaintiff fails to present an actual controversy necessary for subject-matter jurisdiction— rather, Plaintiff's history suggests it has manufactured a "controversy" simply for the purpose of litigation. For example, in the Texas Lawsuit, Plaintiff failed to show use of the Zapruder Film in its First Amended Complaint. *See* Texas Lawsuit (Doc. 16; Doc. 27, at p. 3). Instead, only after Defendant filed its Motion to Dismiss addressing this failure did Plaintiff create a website to show use of one frame. *See id.*, Doc. 27, at p. 3. This Court then dismissed Plaintiff's case for lack of subject-matter jurisdiction due to Plaintiff's failure "to allege an actual controversy," as Plaintiff had not published the frames or shown the parties were legally adverse. *See id.*, Doc. 29, at pp. 1-

9

3. Nevertheless, barely one-month post-dismissal, Plaintiff's counsel published a book using the frames, waited nearly another month and then sought motion for leave to further amend Plaintiff's complaint to show that there was now "use" to create an actual controversy. *See id.*, Doc. 33, at p. 8. Again, this Court denied Plaintiff's motion and reaffirmed the case was dismissed. Yet, one week after this Court denied Plaintiff's motion for leave to amend its complaint, Plaintiff filed this new case. Plaintiff's pattern of behavior is not a coincidence. Rather, it affirms that Plaintiff does not have a genuine, actual controversy, but is merely manufacturing a controversy to bring Defendant to court—wasting both this Court and Defendant's time and resources.

Moreover, where there is no "substantial controversy between parties having adverse legal interests," there is no justiciable actual controversy between the parties that warrants the issuance of a declaratory judgment.  As such, no subject-matter jurisdiction exists. Plaintiff's statement that Defendant denied Plaintiff's first request to obtain the Zapruder Film and that "[d]efendants also denied Plaintiff access to and licenses to publish these primary Zapruder materials" is misleading. Doc. 1, at ¶¶ 20; 330. Rather, Defendant informed Plaintiff that any request must be submitted through the Defendant's website to be granted, with the website expressing conditions applicable to any licensing request. Moreover, as the holder of the copyright, Defendant is under no obligation to grant Plaintiff's request for use—especially given that Plaintiff's request did not comply with the express conditions and further in view of Plaintiff's explicit purpose in seeking to invalidate Defendant's copyright as shown through the lawsuits that Plaintiff and Plaintiff's counsel on behalf of a different entity have filed against Defendant asserting nearly identical claims. Moreover, Plaintiff and its counsel have made allegations against the Defendant. See e.g., Plaintiff's counsel's book "*SCAM*," and Plaintiff's own statement: "[o]nce the evidence of the Zapruder film alteration

10

becomes widely known by the public, the Museum will be exposed as a distributor of propaganda rather than a genuine truth-seeking organization." Doc. 1, at ¶ 15.

In a similar case, the Fifth Circuit affirmed dismissal where the plaintiff sought declaratory judgment involving a copyright. *See State of Texas v. West Pub. Co.*, 681 F. Supp. 1228 (W.D. Tex. 1988), aff'd, 882 F.2d 171 (5th Cir. 1989). The court granted West's motion to dismiss for lack of subject-matter jurisdiction because the State failed to adequately demonstrate that an actual controversy existed that necessitated declaratory relief, a threshold requirement, such that the court had no subject-matter jurisdiction over the action. *Id*. at 1232. On appeal, the Fifth Circuit affirmed the dismissal for lack of subject-matter jurisdiction based on plaintiff's failure to present an actual controversy. *West Pub. Co.*, 882 F.2d at 178. The court held the State had failed to present any evidence that the State "in the past, is currently, or intends in the future to engage" in activity that would create an actual controversy, and that "no conduct on the part of West is shown that supports Texas' asserted fear of litigation. To rely on fear of litigation, Texas must establish conduct by West which supports that asserted fear." *Id*. at 175-76.  The Fifth Circuit recognized that "[a] defendant's simple assertion that they hold a copyright in certain material generally does not amount to a threat of litigation." *Id*. at 176 (citing *Int'l Med. Prosthetics Research Assocs. v. Gore Enters. Holdings, Inc.*, 787 F.2d 572, 576 (Fed. Cir. 1986)).

Here, Defendant has not taken any steps that would "amount to a threat of litigation" to demonstrate an actual controversy.  Rather, Defendant engaged in discussions with the Plaintiff about its licensing program and how to obtain permission to use and publish the Zapruder Film prior to, during, and after the Texas Lawsuit. Moreover, rather than pursue litigation, Defendant sought dismissal of both the California Lawsuit and the Texas Lawsuit. Thus, Defendant's pattern

11

of behavior cannot result in Plaintiff fearing litigation—especially in view of Plaintiff's counsel's recent admission that it has no certainty whether the Defendant will ever initiate legal action.

For the second *Sherwin-Williams* step, the Court should conclude that it does not possess the authority to grant declaratory relief because Plaintiff has not established that it has suffered a concrete and particularized injury, as required to have Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

For the third *Sherwin-Williams* step, the Court should exercise its discretion to dismiss the action. *Id.*

**B.    Alternatively, Plaintiff's Declaratory Judgment Causes of Action should be Dismissed under Rule 12(b)(6) for Failure to State a Claim upon which Relief Can be Granted.**

**1.    Plaintiff's first and second causes of action (Invalidity, Unenforceability, and Non-Infringement based on Lack of Originality and Waiver) fail to state a claim upon which relief can be granted.**

The Copyright Registration of the Zapruder Film is, pursuant to 17 U.S.C. § 410(c), prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The Complaint fails to overcome the presumption of copyright validity.

Plaintiff's first and second causes of action purport to seek a declaratory judgment that Defendant's copyright in the Zapruder Film is invalid due to lack of originality or waiver. Doc. 1, at ¶¶ 236-266. However, as in the previously dismissed case addressing these causes of action, Plaintiff's claims still fail as a matter of law because its Complaint fails to adequately allege any facts that would support a finding of a lack of originality or waiver.

"The *sine qua non* of copyright is originality." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, Inc., 499 U.S. 340, 345 (1991). Originality is a central element of a copyright infringement claim as it goes to the heart of the validity of a copyright. *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 552 (5th Cir. 2015). The term "original" as used in copyright means that a work

12

was independently created by the author (as opposed to copied from other works), and "that it possesses at least some minimal degree of creativity." *Feist*, 499 U.S. at 345 (1991); *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 141 (5th Cir. 1992). It requires the copyright holder to prove not only that it independently created the purportedly copyrighted work but also that the work possesses a minimum degree of creative expression. *Nola Spice*, 783 F.3d at 552. The requisite level of creativity is "extremely low" and even a slight amount will suffice. *Feist*, 499 U.S. at 345. Although the standard for creativity is low, the "level of creativity [must be] more than trivial." *Nola Spice*, 783 F.3d at 552. (quotations omitted).

Plaintiff's "originality" claim is based solely upon the allegation that the Zapruder Film was potentially altered over 60 years ago. Doc. 1, at ¶¶ 241-253. The Copyright Act, 17 U.S.C. § 202, makes expressly clear the separate nature of a copyright and the physical medium containing the copyrighted work such that even if the original physical copy of the Zapruder Film were to be altered, repaired, or damaged, these actions would not *de facto* invalidate or waive the copyright in the Zapruder Film. Plaintiff asserts that Defendant declined to provide information proving frames were original on April 3, 2025. Doc. 1, at ¶ 254. However, as the copyright holder, Defendant was under no obligation to provide any "proof" to Plaintiff—especially when this Court had dismissed the case four days prior. *See* Texas Lawsuit (Doc. 29).

Moreover, Plaintiff still fails to assert that Defendant waived its copyright. Plaintiff's mere allegations that a predecessor of the Defendant "intentionally released the copyright to the public domain and affirmatively waived its copyright" to several allegedly repaired frames of the Zapruder Film is insufficient to constitute waiver and fails to cover the scope of Defendant's copyrights. Doc. 1, at ¶ 261.

13

> ## 2. Plaintiff's third cause of action (Invalidity based on Fraud on the Copyright Office) fails to state a claim upon which relief can be granted.

Generally, "[f]raud on the Copyright Office is not an independent claim but, rather, an attack on the prima facie validity provided under Section 410(c)." *Friedheim v. Hoeber*, No. 4:20-cv-00335-O, 2020 WL 10893185, *1, *6 (N.D. Tex. Dec. 16, 2020) (quoting 5 WILLIAM PATRY ON COPYRIGHT § 17:1265, Fraud on the Copyright Office); *see also Spectrum Creations, Inc. v. Catalina Lighting, Inc.*, No. Civ.A.SA-00-CA-875-F, 2001 WL 1910566, *1, *10 (W.D. Tex. Aug. 1, 2001) ("The defense of fraud on the Copyright Office is typically brought in an infringement claim as an affirmative defense."). Thus, this Court should dismiss Plaintiff's third cause of action because "fraud-on-the-Copyright-Office" is not cognizable as an independent cause of action. *See Friedheim*, 2020 WL 10893185 at *6; *see also Vaad L'Hafotzas Sichos, Inc. v. Krinsky*, 133 F. Supp. 3d 527, 537 (E.D. N.Y. 2015) (finding "there is no precedent supporting the use of a claim for fraud on the Copyright Office as an affirmative cause of action.") (internal quotations omitted).

Even if fraud on the Copyright Office is a cognizable claim, this Court should still dismiss Plaintiff's third cause of action because Defendant did not commit fraud on the Copyright Office. *See Spectrum Creations*, 2001 WL 1910566, at *10 (finding defendant unsuccessful in pleading fraud on the Copyright Office with particularity and that defendant failed "to provide competent evidence showing that the plaintiff's use of inaccuracies on the copyright registration application were willful or deliberate and that the Copyright Office relied on those inaccuracies in approving copyright registration."). The party alleging fraud on the Copyright Office "bears a heavy burden." *Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, No. 1:18-CV-596-RP, 2020 WL 555385, *1, *11 (W.D. Tex. Feb. 4, 2020). The party must establish that: "(1) the application for copyright registration is factually inaccurate; (2) those inaccuracies were willful or deliberate; and (3) the Copyright Office relied on those misrepresentations." *Friedheim*, 2020 WL 10893185, at *7

14

(quoting *Haas Outdoors, Inc.*, 2020 WL 555385, at *11). Further, "there must be a showing of 'scienter' in order to invalidate a copyright registration. *Id.* (internal quotations omitted); *see also* 17 U.S.C. § 411 ("A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless . . . the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate.").

Here, Plaintiff's claims alleging fraud on the Copyright Office are made solely against a predecessor of Defendant. *See* Doc. 1, at ¶¶ 270-276. Plaintiff fails to assert that the registration in the Zapruder Film copyright registration is factually inaccurate beyond an unsupported statement that the length of the video differs from that state on the registration. *See id.*, at ¶ 64. Further, Plaintiff fails to identify, or allege, any overt act applicable to Defendant, or its predecessors, which could amount to providing "willful or deliberate" inaccuracies to the Copyright Office. Plaintiff merely states, "[t]hose inaccuracies were willful or deliberate, as the loss and damage was apparent to anyone who merely viewed the frames," and that ". . . Time's registration fails to disclose that the film is not the original." *See id.*, at ¶¶ 275, 65. Plaintiff fails to allege the knowledge necessary to assert that any inaccuracies were willful or deliberate. *See Haas Outdoors, Inc.*, 2020 WL 555385, at *12 (finding in request for declaration of invalid and unenforceable copyright registrations based on fraud on the Copyright Office, there was no evidence of misrepresentation to the Copyright Office with the intent to defraud). Finally, Plaintiff fails to allege any factual basis demonstrating that the Copyright Office relied on any alleged misrepresentations and asserts no evidence that "[t]he copyright Office would have rejected the copyright claim." Doc. 1, at ¶ 276.

Thus, this Court should dismiss Plaintiff's third cause of action for failure to state a claim because Defendant did not commit fraud on the Copyright Office.

15

### 3.    Plaintiff's fourth cause of action (Invalidity based on Abandonment) fails to state a claim upon which relief can be granted.

"[A]bandonment of the copyright (whether by plaintiff [itself] or [its] predecessor in interest) constitutes an effective defense in an infringement action. The plaintiff's claim of ownership is thereby countered."  MELVILLE B. NIMMER AND DAVID NIMMER, NIMMER ON COPYRIGHT §13.06 (Matthew Bender, Rev. Ed.). Accordingly, an abandonment defense, or in this case a request for declaratory judgment, requires the moving party (in this case, the Plaintiff) to establish that the copyright owner (in this case, the Defendant) intended to surrender its rights either by an overt act or inaction. *Veeck v. S. Bldg. Code Cong. Int'l Inc.*, 241 F.3d 398, 409 (5th Cir. 2001); *Malibu v. Martin*, No. H-18-4425, 2019 WL 3802678, at *3 (S.D. Tex. Aug. 13, 2019).

Abandoned of a copyright requires an "overt act which indicates the copyright proprietor's desire to surrender its rights." *Fantastic Fakes, Inc. v. Pickwick Int'l, Inc.*, 661 F.2d 479, 486 n.6 (5th Cir. 1981).  A "'copyright may [also] be waived by inaction.'" *Malibu Media, LLC v. Schmidt*, No. SA-19-CV-00599-XR, 2020 WL 5351079, at *2 (W.D. Tex. Sept. 1, 2020) (quoting *Veeck*, 241 F.3d at 409); *Bobby Goldstein Prods., Inc. v. Habeeb*, No. 3:21-CV-1924-G, 2022 WL 5250284, at *2 (N.D. Tex. Oct. 6, 2022).

Plaintiff's Complaint still fails to identify, or allege, any overt act applicable to Defendant, or its predecessors, which could amount to abandonment. Once again, Plaintiff points to a single enforcement attempt by a predecessor of Defendant in 1968 in which a court found that the complained of use was a fair use and stretches this factually-dependent result to say that Defendant is precluded from ever enforcing its copyright in the Zapruder Film because a single finding of fair use means that all subsequent uses will likewise be determined to be fair use. Doc. 1, at ¶ 284. However, a single finding of fair use does not mean that all subsequent uses also constitute fair use, particularly given that a fair use determination is a fact specific and determined on a case-by-

16

case basis. *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 549 (1985) ("Section 107 requires a case-by-case determination whether a particular use is fair, and the statute notes four nonexclusive factors to be considered."). Moreover, a finding of fair use does not mean that the copyright is not valid, but simply that a specific use was not a violation of the copyright.

Although "inaction" may provide the basis to abandon rights, a copyright owner's failure to prosecute every copyright infringement does not constitute the intent required for abandonment. *Fed'n of State Massage Therapy Bds. v. Mendez Master Training Ctr., Inc.*, 393 F. Supp. 3d 557, 572 (S.D. Tex. 2019) (holding that copyright owners do not need to sue every potential infringer); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1225 (C.D. Cal. 2007) (same); PAUL GOLDSTEIN, GOLDSTEIN ON COPYRIGHT, 3RD ED., New York: Aspen, 2024 Supp. § 11.3 ("[A]cts of omission, such as failure to prosecute copyright infringements … will not constitute evidence of the intent required for abandonment."). Defendant is not required to sue every potential infringer to preserve its ownership of its copyright in the Zapruder Film. *Mendez*, 393 F. Supp. 3d at 572; *Grokster*, 518 F. Supp. 2d at 1225 ("The Court knows of no rule in copyright . . . that a copyright holder is bound to pursue either all infringers or none at all.").

Once again, Plaintiff alleges that the Zapruder Film is "all over the internet" but contradicts itself in stating that there were "dozens of versions" on the internet and that the Zapruder Film was presented at "colleges and universities" and played on "local and national television" once in 1975. Doc. 1 ¶¶ 286; 291. The "dozens" of instances still fail to rise to the pervasive instances of unchecked infringement that courts typically require for a finding of abandonment by inaction. *Id.*; *See Malibu Media, LLC*, 2020 WL 5351079, at *2 ("failure to enforce its copyright against 'millions' of instances of infringement may constitute abandonment of that copyright.").

17

Furthermore, Plaintiff's allegations in the Complaint presume that any use of the Zapruder Film constitutes an unauthorized and otherwise infringing use of Defendant's copyright. This is incorrect. Defendant has a licensing program for the Zapruder Film that permits reasonable (and often free) use under certain conditions and requires the payment of a licensing fee for certain other uses. Defendant's licensing program refutes Plaintiff's claim that Defendant desired to surrender its rights in the Zapruder Film as is required to demonstrate abandonment. Plaintiff asserts that "large-scale infringement" justifies a finding of abandonment by inaction and a declaratory judgment that the Zapruder Film has entered the public domain. Doc. 1, at ¶¶ 294-295. Plaintiff fails, however, to dispute Defendant's active licensing program beyond baseless accusations. Doc. 1, at ¶ 293. Defendant's valid decisions whether to grant or not grant a license to the Zapruder materials simply affirms that Defendant has not abandoned its copyright.

Plaintiff's fourth cause of action should be dismissed for failure to state a claim because Defendant has not abandoned its copyright in the Zapruder Film through an overt act or inaction. Defendant's efforts to enforce its copyright include its licensing program, and its efforts in defense of this lawsuit, the Texas Lawsuit brought in this same Court over nearly identical claims, and the prior California Lawsuit brought by the same Plaintiff.

### 4. Plaintiff's fifth cause of action (Invalidity based on the Museum Never Obtaining the Copyright) fails to state a claim upon which relief can be granted.

It is well settled that a copyright "registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). In some cases, registration of the copyright, standing alone, may be sufficient to prove ownership in a valid copyright. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). "A certificate of registration, if

18

timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *Id*. If a copyright owner timely obtains a certificate of registration (*i.e*. within five years after publication) and is given the benefit of the presumption, then the burden shifts to the defendant, or in this case Plaintiff, to prove invalidity. *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). To rebut this presumption, a defendant may offer evidence to dispute the plaintiff's case of infringement. *Id*.

It is undisputed that the Zapruder Film was created on November 22, 1963, the day President Kennedy was assassinated. The United States Copyright Office issued the certificate of registration in the Zapruder Film to Abraham Zapruder on May 15, 1967. Ex. 3 ("Zapruder Registration"). Because the Zapruder Registration issued less than five years after the Zapruder Film was created, the Defendant's copyright is presumed valid.

Even though Plaintiff lacks standing to challenge the Defendant's ownership of the copyright, the ownership and assignment history of the Zapruder Registration are clear, unambiguous, and well documented. *See* Exs. 4-6. In short, three assignments of the Zapruder Registration have been properly executed and recorded with the Copyright Office, ultimately culminating in a February 2, 2000 assignment to Defendant. *Id*. Thus, based on the public records available with the Copyright Office, which this Court may take judicial notice of, Defendant is entitled to a presumption of both validity and ownership of the copyright registration in the Zapruder Film.

Moreover, Plaintiff's only support for its rebuttal to the Defendant's presumption of validity are documents supposedly from the National Archives, which Plaintiff uploaded to his own website on June 4, 2025. Additionally, once again Plaintiff claims that "[o]n April 3, 2025, Plaintiff requested from the Defendant any evidence of how copyright was transferred from Time

to the Zapruder family, but the Museum responded that it declined to provide any." Doc. 1, at ¶ 302. As the copyright holder, Defendant had no obligation to provide Plaintiff with such records—especially when this Court had dismissed the case four days prior. *See* Texas Lawsuit (Doc. 29).

Thus, Plaintiff has failed to adequately plead a declaratory judgment claim for relief and this Court should deny Plaintiff's fifth cause of action.

### 5. Plaintiff's sixth cause of action (Invalidity based on Merger of Idea and Expression) fails to state a claim upon which relief can be granted.

It is settled law that "[i]f an idea is susceptible to only one form of expression, the merger doctrine applies and [17 U.S.C.] § 102(b) excludes the expression from the Copyright Act." *Veeck,* 293 F.3d at 801. Further, "this "idea/expression dichotomy strikes a definitional balance between the First Amendment and the Copyright Act by permitting free communication of facts while still protecting an author's expression." *Harper*, 471 U.S. at 556. "This principle, known as the idea/expression or fact/expression dichotomy, applies to all works of authorship." *Feist*, 499 U.S. 340, 350 (1991).

Plaintiff's sixth cause of action should be dismissed because the idea and expression of the Zapruder Film have not merged. Zapruder made explicit choices in filming, including location, vantage point, camera lens, and compilation of frames, constituting an original expression necessary for copyright protection. *See id.* at 348 ("[t]hese choices as to selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity, are sufficiently original that Congress may protect such compilations through the copyright laws. Thus, even a directory that contains absolutely no protectible written expression, only facts, meets the constitutional minimum for copyright protection if it features an original selection or arrangement."). Thus, there is no merger of idea and expression in the Zapruder Film and this Court should dismiss Plaintiff's claim.

6.    **Plaintiff's seventh cause of action (Invalidity based on Suppression of Facts) fails to state a claim upon which relief can be granted.**

This Court should deny Plaintiff's seventh cause of action because it is moot. Indeed, President Donald Trump's Executive Order 14176, which this Court can take judicial notice of, resulted in all records previously withheld for classification that are part of the President John F. Kennedy Assassination Records Collection being released. *See* DECLASSIFICATION OF RECORDS CONCERNING THE ASSASSINATIONS OF PRESIDENT JOHN F. KENNEDY, SENATOR ROBERT F. KENNEDY, AND THE REVEREND DR. MARTIN LUTHER KING, JR., Executive Order 14176 (Jan. 23, 2025). Through President Trump's Executive Order and Defendant's licensing program, Plaintiff's claim of alleged suppression of facts is moot, as there can be no suppression of facts where all materials are public.

Moreover, Plaintiff does not allege that it has suffered any concrete damages as a result of the alleged "suppression of facts." To the contrary, Plaintiff simply asserts that the alleged suppression of facts "inhibits crucial public debate" as the only potential injury—no injury to itself. Doc. 1, at ¶ 320. Additionally, Plaintiff fails to assert sufficient factual evidence against the Defendant. Rather, Plaintiff asserts Defendant's predecessor allegedly suppressed information, not Defendant. Doc. 1, at ¶¶ 50-65. Thus, the Court should deny Plaintiff's seventh cause of action because it is moot, it does not demonstrate a particularized injury to Plaintiff, and it does not present any facts alleging that Defendant itself "suppressed facts."

7.    **Plaintiff's eighth cause of action (Declaratory Judgment of Fair Use) fails to state a claim upon which relief can be granted.**

Plaintiff lacks standing to bring this cause of action. Plaintiff's eighth cause of action seeks a declaratory judgment that its unauthorized use of the Zapruder Film would not be copyright infringement but rather would constitute a fair use. Plaintiff's request should be dismissed because it fails to demonstrate fair use and because fair use is a only a defense to an actual copyright claim,

21

but Defendant has not demonstrated any risk that a claim would be brought. *See Harper*, 471 U.S. at 560-61 (1985).

## IV.   <u>CONCLUSION</u>

Defendant respectfully submits that its motion should be granted and that Plaintiff's Original Complaint be dismissed with prejudice because this Court lacks subject-matter jurisdiction under Rule 12(b)(1), and, or alternatively, Plaintiff's Original Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

Dated: September 4, 2025

Respectfully Submitted,

*/s/ Charles E. Phipps*
Charles E. Phipps
  Texas State Bar No. 00794457
  charles.phipps@troutman.com
A. Tucker Davison
  Texas State Bar No. 24120794
  tucker.davison@troutman.com
Kara Anderson
  Texas State Bar No. 24142638
  kara.foister@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**COUNSEL FOR DEFENDANT
DALLAS COUNTY HISTORICAL
FOUNDATION, d/b/a THE SIXTH
FLOOR MUSEUM AT DEALEY
PLAZA**

23

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, I electronically filed the foregoing with the

Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all

counsel of record.

/s/ Charles E. Phipps
Charles E. Phipps

24