# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| FORUM ON OPEN ACCESS TO GOVERNMENT RECORDS INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | **3:25-cv-02034-B** |
| DALLAS COUNTY HISTORICAL FOUNDATION, d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA, AND NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | § § § § § § § | |
| *Defendants*. | § | |

---

**DEFENDANT DALLAS COUNTY HISTORICAL FOUNDATION, d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

---

**TABLE OF CONTENTS**

**Page**

I.    PLAINTIFF HAS FAILED TO MEET ITS BURDEN TO SHOW THAT THE COURT HAS JURISDICTION ..........................................................................1

    A.    Plaintiff's Complaint Fails to Demonstrate a Substantial Controversy Between Legally Adverse Parties ...............................................................1

    B.    Plaintiff's Allegations Are Inaccurate ....................................................4

II.    PLAINTIFF HAS FAILED TO SHOW THAT THE ALLEGED FACTS ARE SUFFICIENT TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ...............................................................................................5

    A.    The Copyright in the Zapruder Film Is Valid and Enforceable ..............5

    B.    Defendant's Copyright was Not Waived, Abandoned, or Defective ......5

    C.    Plaintiff's Complaint Fails to State a Claim that Defendant Committed Fraud on the Copyright Office. ...............................................................7

    D.    Plaintiff's Complaint Fails to State a Claim for Suppression of Facts. ...................8

    E.    Plaintiff's Complaint Cannot Assert Fair Use as an Affirmative Claim. ................9

III.    CONCLUSION...............................................................................................9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amigos Labor Sols. v. Tex. Sup. Ct. Unauthorized Prac. of Law Comm.*,
No. 3:05-CV-1644, 2006 WL 8437527 (N.D. Tex. 2006) ........................................................3

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
499 U.S. 340 (1991)................................................................................................................5

*Foiaconsciousness.com LLC v. Nat'l Archives & Recs. Admin., et al.*,
Case No. 3:24-cv-00997-JD (N.D. Cal.) (Doc. 39) .................................................................4

*Forum on Open Access to Pub. Recs. Inc. v. Dallas Cnty. Hist. Found.*,
3:24-cv-2299-B (N.D. Tex.) ....................................................................................................2

*Fox Film Corp. v. Doyal*,
286 U.S. 123 (1932)................................................................................................................3

*Friedheim v. Hoeber*,
No. 4:20-cv-0035-O, 2020 WL 10893185 (N.D. Tex. Dec. 16, 2020)................................7, 8

*Funk v. Stryker Corp.*,
631 F.3d 777 (5th Cir. 2011) ..................................................................................................7

*Gen. Universal Sys., Inc. v. Lee*,
379 F.3d 131 (5th Cir. 2004) ..................................................................................................6

*Haas Outdoors, Inc. v. Dryshod Int'l, LLC*,
No. 1:18-CV-596-RP, 2020 WL 555385 (W.D. Tex. Feb. 4, 2020) ....................................7, 8

*Harper & Row Publishers, Inc. v. Nation Enters.*,
471 U.S. 539 (1985)................................................................................................................9

*Imperial Homes Corp. v. Lamont*,
458 F.2d 895 (5th Cir. 1972) ..................................................................................................6

*Laws v. Sony Music Ent., Inc.*,
448 F.3d 1134 (9th Cir. 2006) ................................................................................................4

*Lin's Waha Int'l Corp. v. Tingyi (Cayman Islands) Holding Corp.*,
No. 17-cv-00773, 2018 WL 6573482 (E.D. N.Y. Dec. 13, 2018)...........................................2

*Malibu v. Martin*,
No. H-18-4425, 2019 WL 3802678 (S.D. Tex. Aug. 13, 2019)...............................................6

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*,
    312 U.S. 270 (1941)..............................................................................................................3

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007).........................................................................................................1, 9

*Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*,
    783 F.3d 527 (5th Cir. 2015) ..............................................................................................5

*In re Porter*,
    498 B.R. 609 (E.D. La. 2013) .............................................................................................3

*Prasco, LLC v. Medicis Pharm. Corp.*,
    537 F.3d 1329 (Fed. Cir. 2008)...........................................................................................2

*State of Texas v. West Publ'g Co.*,
    681 F. Supp. 1228 (W.D. Tex. 1988), aff'd, 882 F.2d 171 (5th Cir. 1989)...............................2

*Stewart v. Abend*,
    495 U.S. 207 (1990).........................................................................................................3, 4

*Stockman v. Fed. Election Comm'n*,
    138 F.3d 144 (5th Cir. 1998) ..............................................................................................1

*Time Inc. v. Bernard Geis Assocs.*,
    293 F. Supp. 130 (S.D. N.Y. 1968) ......................................................................................9

*Vaad L'Hafotzas Sichos, Inc. v. Krinsky*,
    133 F. Supp.3d 527 (E.D. N.Y. 2015) ...................................................................................7

**Statutes**

17 U.S.C. § 106(3) ...................................................................................................................3

17 U.S.C. § 202..........................................................................................................................5

17 U.S.C. § 410(c) ...........................................................................................................5, 6, 7

17 U.S.C. § 411(b)(1) .................................................................................................................8

**Other Authorities**

President Donald Trump's Executive Order 14176..........................................................................8

Rule 12(b)(1)..........................................................................................................................1, 9

Rule 12(b)(6)..............................................................................................................................9

5 WILLIAM PATRY ON COPYRIGHT § 17:1265 ................................................................................7

The Response (Doc. 21) of Plaintiff Forum on Open Access to Government Records Inc.'s ("Plaintiff") fails to meet Plaintiff's burden to show that the court has jurisdiction and fails to show how the Complaint alleges facts sufficient to support a claim upon which relief can be granted. Accordingly, Defendant respectfully submits that its Motion to Dismiss ("Motion") should be granted, and that Plaintiff's Complaint be dismissed with prejudice because this Court lacks subject-matter jurisdiction under Rule 12(b)(1), and or alternatively, Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

## I.    PLAINTIFF HAS FAILED TO MEET ITS BURDEN TO SHOW THAT THE COURT HAS JURISDICTION

### A.    Plaintiff's Complaint Fails to Demonstrate a Substantial Controversy Between Legally Adverse Parties

Plaintiff bears the burden to show that the Court has jurisdiction. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (holding that in response to a Rule 12(b)(1) challenge the burden falls upon the party seeking to invoke the court's jurisdiction). In declaratory judgment actions, to determine whether a justiciable controversy exists, the Court must consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Plaintiff's Complaint (Doc. 1) and Response (Doc. 21) fail to meet Plaintiff's burden to show that the Court has jurisdiction because, in view of all of the facts alleged, as well as Plaintiff's own admission, Plaintiff has failed to show that there is a substantial controversy, between the Parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment. Just as with its first attempt in this Court to manufacture a non-existent dispute, which this Court dismissed, Plaintiff has not shown a reasonable apprehension of suit, as considered in establishing a justiciable controversy. *See Nat'l Presort, Inc. v. Bowe Bell + Howell*

1

*Co.*, 663 F. Supp.2d 505, 509 (N.D. Tex. 2009) (citing *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008)). Indeed, in recent briefing in a prior lawsuit, Plaintiff's counsel himself admitted that it has "no clarity as to if or when Defendant will initiate legal action." *See Forum on Open Access to Pub. Recs. Inc. v. Dallas Cnty. Hist. Found.*, 3:24-cv-2299-B (N.D. Tex.) ("Texas Lawsuit") (Doc. 38, at p. 4). Just as in *State of Texas v. West Publishing Company*, 681 F. Supp. 1228 (W.D. Tex. 1988), aff'd, 882 F.2d 171 (5th Cir. 1989), Defendant has not taken any actionable steps that would "amount to a threat of litigation." *State of Texas*, 681 F. Supp. at 1229-31; *see State of Texas*, 882 F.2d at 175-76, 178 (affirming dismissal for lack of subject-matter jurisdiction of a declaratory judgment claim in a copyright claim); *see* Doc. 19, at pp. 11-12.

Plaintiff further alleges that "[Defendant's] [r]efusal to commit not to sue confirms the existence of an actual controversy." *See* Doc. 21, at p. 1. However, this is insufficient on its own to demonstrate the actual controversy Plaintiff needs to establish jurisdiction. Indeed, Plaintiff would have this Court rely on non-binding authority, which Plaintiff admits is merely persuasive, disregarding clear precedent in the Northern District of Texas. *See* Doc 21, at pp. 6-7; *Lin's Waha Int'l Corp. v. Tingyi (Cayman Islands) Holding Corp.*, No. 17-cv-00773, 2018 WL 6573482 *1, *4 (E.D. N.Y. Dec. 13, 2018). Rather, the Northern District has held that the "refusal to accept a covenant not to sue is not, standing alone, legally sufficient to create an actual, justiciable controversy . . ." if it is not followed with "other affirmative acts that show an **intent** or **threat** to sue . . . ." *See Nat'l Presort, Inc.*, 663 F. Supp.2d at 511-12; 514 ("[Defendant's] refusal to a covenant not to sue and to agree to a Dallas venue are no more than [defendant] exercising rights to which it is legally entitled.") (emphasis added). Plaintiff has not pointed to any "other affirmative acts that show an intent or threat to sue." *Id.* Rather, Plaintiff has identified multiple actions that Plaintiff has taken and the impact that Plaintiff's own actions have had on Plaintiff's

2

concerns over potential litigation. *See e.g.*, Doc. 21 at pp. 6 ("Plaintiff published a commercial book discussing and reprinting 73 Zapruder frames."), 7 (Plaintiff's "interests lie in publishing, advertising for, and selling its book"), & 8 ("Plaintiff has used Zapruder frames in advertising and intends to continue doing so in the future."). However, Plaintiff's own actions cannot on their own create a justiciable controversy that serves as the basis for declaratory judgment jurisdiction. *See Amigos Labor Sols. v. Tex. Sup. Ct. Unauthorized Prac. of Law Comm.*, No. 3:05-CV-1644, 2006 WL 8437527 *1, *3 (N.D. Tex. 2006) (finding that a substantial controversy requires sufficient immediacy and **reality**) (citing *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)) (emphasis added).

Defendant did offer Plaintiff a license, but Plaintiff rejected the offer. Plaintiff's subsequent license requests did not conform to Defendant's express guidelines. *See* Doc. 19, at p. 10. Although Plaintiff alleges that "[t]he Museum Cut Off All Licensing Negotiations after it learned Plaintiff's View that the Zapruder film is not Original," Defendant did not reject Plaintiff's subsequent requests due to any allegation Plaintiff has made. *See* Doc. 21, at p. 7. Defendant's decision as the copyright owner not to grant Plaintiff, or anyone, a license in its copyrighted work does not create legal adversity because Defendant is under no obligation to grant a license in the Zapruder Film. *See* 17 U.S.C. § 106(3) (the owner of copyright . . . has the exclusive rights to . . . distribute copies . . . to the public by . . . lease or lending); *see Stewart v. Abend*, 495 U.S. 207, 229 (1990) ("In fact, this Court has held that a copyright owner has the capacity arbitrarily to refuse to license one who seeks to exploit the work.") (citing *Fox Film Corp. v. Doyal*, 286 U.S. 123, 127 (1932)). Thus, Defendant as the copyright holder has the legal right to permit or prohibit the use of the Zapruder Film. *See Stewart*, 495 U.S. at 229; *In re Porter*, 498 B.R. 609, 669 (E.D. La. 2013) ("Copyright law grants authors the right to control the work, including the decision to make the work available

3

or withhold it from the public" . . . "An owner **may** also grant a license for its use, production or distribution.") (citing *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006)) (emphasis added).

Plaintiff alleges that "[t]he Museum's accusation that Plaintiff is acting in 'bad faith' confirms the parties' legal adversity" and that "Plaintiff submitted another request through the Museum's website . . . but the Museum never responded." Doc. 21, at p. 8. Whether Plaintiff requested a license in good or bad faith is irrelevant; again, Defendant has no obligation to respond to or to grant any license regardless of intentions. *See Stewart*, 495 U.S. at 229.

### B.    Plaintiff's Allegations Are Inaccurate

In the first sentence of its Response, Plaintiff states "[t]he Museum moves to dismiss on the grounds . . . that Plaintiff improperly joined claims against the Museum with its Freedom of Information Act ("FOIA") claims against the National Archives and Records Administration ("NARA")." Doc. 21, at p. 1. To be clear, Defendant's Motion, however, is not based on the presence of NARA in the case or on Plaintiff's claims against NARA. *See* Docs. 18-20. Defendant did not mention NARA in its Motion outside of the Factual Background and never addressed Plaintiff's single claim against NARA.

Plaintiff states "[t]he Museum has gone beyond asserting its own rights by seeking dismissal of Plaintiff's FOIA claims against NARA. Those claims are directed solely at a federal agency, yet the Museum has attempted to defeat them." Doc. 21, at p. 9. Defendant's Motion does not address Plaintiff's claim against NARA—rather, Defendant seeks dismissal on its own behalf. *See* Doc. 19; Doc. 1, at p. 52.

The Court can dismiss Plaintiff's claims against the Defendant independently of any claims that the Plaintiff may have against NARA. Indeed, the Court in a prior lawsuit did so. *See Foiaconsciousness.com LLC v. Nat'l Archives & Recs. Admin., et al.*, Case No. 3:24-cv-00997-JD

4

(N.D. Cal.) (Doc. 39). When Plaintiff's counsel filed a prior lawsuit in California against both Defendant and NARA on behalf of a different entity but over the very same issues as presented here, Defendant sought dismissal of its own claims, which the Court granted. *See* Docs. 26 & 39. Later in the case, the Court then granted a motion for summary judgment in favor of the NARA. *See* Doc. 49.

**II.     PLAINTIFF HAS FAILED TO SHOW THAT THE ALLEGED FACTS ARE SUFFICIENT TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff lacks standing to contest the validity of Defendant's copyrights. Indeed, Defendant's copyrights are presumed valid in view of Defendant's Certificate of Registration. *See* 17 U.S.C. § 410(c).

**A.     The Copyright in the Zapruder Film Is Valid and Enforceable**

Plaintiff's Complaint fails to allege facts that are sufficient to support a claim based on rebutting the presumption of validity granted to Defendant based on its Copyright Registration. Plaintiff's allegations that the work was altered by third parties are insufficient as a matter of law. *See* Doc. 1, at ¶¶ 241-253; Doc. 21, at p. 13. Whether an original work was altered by a third party does not impact the copyrights of the author, and finding otherwise could create uncertainty in licensing or ambiguity in fair use. *See* Doc. 19, pp.12-13; *see also Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 552 (5th Cir. 2015) (finding originality requires the copyright holder to have independently created the copyrighted work with a minimum degree of creativity); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991); 17 U.S.C. § 202.

**B.     Defendant's Copyright was Not Waived, Abandoned, or Defective**

Plaintiff fails to allege facts sufficient to state a defense that Defendant or a predecessor waived or abandoned its copyright, or that the copyright is defective. Plaintiff's mere allegation that a predecessor of Defendant *might* have released five frames from the Zapruder Film into the

public domain, which Defendant denies, and therefore the *entire* copyright was released to the public domain is insufficient to constitute waiver and fails to cover the scope of Defendant's copyrights. *See* Doc. 21, at p. 18.

In one sole paragraph, Plaintiff attempts to argue that Defendant's predecessor abandoned the copyright in the Zapruder Film through a lack of enforcement. *See* Doc. 21, at p. 20-21. Defendant's paragraph fails to allege facts sufficient to show what enforcement efforts Defendant's predecessor made or did not make nearly sixty years ago, and the Court need not accept such conclusory statements. Moreover, a copyright owner's intent is a central consideration in determining whether a copyright has been abandoned by an overt act. *See Imperial Homes Corp. v. Lamont*, 458 F.2d 895, 989 (5th Cir. 1972); *Malibu v. Martin*, No. H-18-4425, 2019 WL 3802678, *1, *3 (S.D. Tex. Aug. 13, 2019). Plaintiff does not assert facts concerning intent or an overt act by Defendant relating to copyright ownership. Instead, Plaintiff's abandonment argument, against Defendant's predecessor, relies entirely on abandonment by inaction. *See* Doc. 21, at p. 20-21. However, Defendant routinely enforces its copyright in the Zapruder Film in numerous ways, including through its licensing program and its defense of this lawsuit, the prior lawsuit in this Court, and in the similar lawsuit in California.

It is well settled that a copyright "registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). Further, "[a] certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). There can be no dispute that the Zapruder Registration occurred within five years after first publication because the registration occurred within five years of President Kennedy's assassination. Further, the three

6

assignments of the Zapruder Registration were properly executed and timely recorded with the Copyright Office, facts that this Court must take judicial notice of, and that Plaintiff has failed to rebut. *See* Doc. 19, at pp. 2 &19; *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). Plaintiff's attempts to invalidate Defendant's transfer through documents uploaded to his own website fail to overcome the presumption of validity and fail to adequately plead a declaratory judgment claim.

### C.  Plaintiff's Complaint Fails to State a Claim that Defendant Committed Fraud on the Copyright Office.

Plaintiff fails to allege facts sufficient to state a defense that Defendant committed fraud on the Copyright Office. "Fraud on the Copyright Office is not an independent claim but, rather, an attack on the prima facie validity provided under Section 410(c)." *Friedheim v. Hoeber*, No. 4:20-cv-0035-O, 2020 WL 10893185, *1, *6 (N.D. Tex. Dec. 16, 2020) (quoting 5 WILLIAM PATRY ON COPYRIGHT § 17:1265, Fraud on the Copyright Office). Plaintiff's Response fails to address this requirement and thus the claim should be dismissed because "fraud-on-the-Copyright-Office" is not cognizable as an independent cause of action. *See Friedheim*, 2020 WL 10893185, at *6; *see also Vaad L'Hafotzas Sichos, Inc. v. Krinsky*, 133 F. Supp.3d 527, 537 (E.D. N.Y. 2015) (finding "there is no precedent supporting the use of a claim for fraud on the Copyright Office as an affirmative cause of action.") (internal quotations omitted).

Even if it were an independent claim, which it is not, the party alleging fraud on the Copyright Office "bears a heavy burden" that Plaintiff has failed to meet. *Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, No. 1:18-CV-596-RP, 2020 WL 555385, *1, *11 (W.D. Tex. Feb. 4, 2020). To meet this burden, Plaintiff's Response would need to have alleged facts sufficient to demonstrate the application for copyright registration was: (1) factually inaccurate; (2) any alleged inaccuracies were "willful or deliberate"; and (3) the "Copyright Office relied" on any

7

inaccuracies. *See id.*; *Friedheim*, 2020 WL 10893185, at \*7; *see also* 17 U.S.C. § 411(b)(1) ("A certificate of registration satisfies the requirements of this section and section 412 regardless of whether the certificate contains any inaccurate information, unless . . . the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate."). Plaintiff's Response fails to allege an overt act applicable to Defendant, or its predecessors, which could amount to providing "willful or deliberate" inaccuracies to the Copyright Office. Plaintiff merely states that "Time registered the film as an original, but it failed to inform the Copyright Office that the original to 154-157 and 207-212 were lost and/or damaged . . . ." Doc. 21, at p. 19. Plaintiff's Complaint fails to allege the knowledge necessary to assert that any inaccuracies were willful or deliberate on behalf of Defendant, or its predecessors, and its claim should be dismissed. *See Haas Outdoors, Inc.*, 2020 WL 555385, at \*12.

      **D.**      **Plaintiff's Complaint Fails to State a Claim for Suppression of Facts.**

Plaintiff's Complaint does not allege facts sufficient to state a claim against Defendant for suppression of facts, if such a claim exists.

Plaintiff alleges that Defendant "asserts copyright precisely to suppress dissenting views and prevent independent verification of whether the Zapruder film was altered." But, as Defendant states in its Motion, President Donald Trump's Executive Order 14176 released all previously classified records that were part of the President John F. Kennedy Assassination Records Collection. *See* Doc. 19, at p. 21. As such, Defendant cannot suppress facts where all material is public, including access to the Zapruder Film itself at NARA, which is publicly available for viewing without a license.

**E.    Plaintiff's Complaint Cannot Assert Fair Use as an Affirmative Claim.**

Fair use is a defense to a claim for copyright infringement, which is a claim that Defendant has not made. Moreover, even if one prior entity was found to have made a fair use of a work, a single finding of fair use does not mean that all subsequent uses of the same work also constitute fair use because a fair use determination is fact specific and determined on a case-by-case basis. *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 549 (1985) ("Section 107 requires a case-by-case determination . . . ."). Further, Plaintiff alleges the current issue "is nearly identical to the dispute in *Time v. Geis*, where the court recognized fair use." Doc. 21, at p. 24. However, in *Time v. Geis*, the court evaluated fair use as an affirmative defense when the copyright holder brought a copyright infringement suit against the defendant—the opposite of the current matter where Defendant has brought no claims or threat of claim against Plaintiff. *See Time Inc. v. Bernard Geis Assocs.*, 293 F. Supp. 130, 132, 146 (S.D. N.Y. 1968).

## III.    <u>CONCLUSION</u>

Defendant respectfully submits that its Motion should be granted, and that Plaintiff's Complaint be dismissed with prejudice because Plaintiff has failed to meet its burden to show that this Court has subject-matter jurisdiction under Rule 12(b)(1), and or alternatively, Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6). Plaintiff has failed to demonstrate "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *MedImmune, Inc.*, 549 U.S. at 127.

Dated: October 9, 2025

Respectfully Submitted,

*/s/ Charles Phipps*
Charles E. Phipps
  Texas State Bar No. 00794457
  charles.phipps@troutman.com
A. Tucker Davison
  Texas State Bar No. 24120794
  tucker.davison@troutman.com
Kara Anderson
  Texas State Bar No. 24142638
  kara.foister@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**COUNSEL FOR DEFENDANT
DALLAS COUNTY HISTORICAL
FOUNDATION, d/b/a THE SIXTH
FLOOR MUSEUM AT DEALEY
PLAZA**

10

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Charles Phipps*
Charles E. Phipps