**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| FORUM ON OPEN ACCESS TO GOVERNMENT RECORDS INC., <br><br> Plaintiff, <br><br> v. <br><br> DALLAS COUNTY HISTORICAL FOUNDATION, d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA, and NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, <br><br> Defendants. | Civil Action No. 3:25-cv-02034-B |

**DEFENDANT NATIONAL ARCHIVES AND RECORDS ADMINISTRATION'S**
**PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT**

## TABLE OF CONTENTS

I.   **Statement of Law** ................................................................................................... **1**

    A.  Lack of Subject Matter Jurisdiction................................................................... 1

    B.  Failure to State a Claim...................................................................................... 2

    C.  Relevant FOIA Provisions ................................................................................. 3

II.   **Background** ......................................................................................................... **3**

III.  **Argument** ............................................................................................................ **5**

    A.  This Court Lacks Subject Matter Jurisdiction to Provide the Relief Requested in Plaintiff's FOIA Action................................................................................... 5

    B.  Plaintiff Has Failed to State a Claim Under the FOIA's Electronic Reading Room Provisions.......................................................................................................... 6

IV.  **Conclusion** ......................................................................................................... **8**

## TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007).................................................................................................... 2

*Bowlby v. City of Aberdeen*
  681 F.3d 215 (5th Cir. 2012)..................................................................................... 2

*Campaign for Accountability v. U.S. Dep't of Just.*
  278 F. Supp. 3d 303 (D.D.C. 2017) .......................................................................... 6

*Citizens for Resp. & Ethics in Washington v. United States Dep't of Just.*
  846 F.3d 1235 (D.C. Cir. 2017) ............................................................................ 5, 6

*Foiaconsciousness.com LLC v. Nat'l Archives & Records Admin.*
  789 F. Supp. 3d 756 (N.D. Cal. Jun. 30, 2025)........................................................ 4

*Kennecott Utah Copper Corp. v. U.S. Dep't of Interior*
  88 F.3d 1191 (D.C. Cir. 1996)................................................................................... 5

*MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*
  957 F.2d 178 (5th Cir. 1992) .................................................................................... 2

*Moran v. Kingdom of Saudi Arabia*
  27 F.3d 169 (5th Cir. 1994) ...................................................................................... 2

*Ruhrgas AG v. Marathon Oil Co.*
  526 U.S. 574 (1999)................................................................................................... 2

*Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*
  940 F. Supp. 1026 (E.D. Tex. 1996) ......................................................................... 3

*Stockman v. Fed. Election Comm'n*
  138 F.3d 144 (5th Cir. 1998)..................................................................................... 2

*Williamson v. Tucker*
  645 F.2d 404 (5th Cir. 1981) .................................................................................... 2

**Statutes**

5 U.S.C. § 552(a)(2)............................................................................................. passim

5 U.S.C. § 552(a)(4)(B) ........................................................................................ 1, 3, 5

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ............................................................. 1, 2, 6

Federal Rule of Civil Procedure 12(b)(6) ............................................................. 1, 2, 8

**Other Authorities**

DEP'T OF JUSTICE, OFFICE OF INFORMATION POLICY, *FOIA Guide, 2004 Edition: FOIA Reading
  Rooms* (last updated Dec. 3, 2021)
  available at https://www.justice.gov/archives/oip/foia-guide-2004-edition-foia-reading-rooms
  ..................................................................................................................................... 8

DEP'T OF JUSTICE, OFFICE OF INFORMATION POLICY, *FOIA Update, Volume XVIII, No. 1* (Jan. 1, 1997)
available at https://www.justice.gov/archives/oip/blog/oip-guidance-amendment-implementation-questions ................................................................................................... 7, 8

H.R. REP. NO. 104-795, at 20 (1996)
as reprinted in 1996 U.S.C.C.A.N. 3448, 3463 (1996 WL 532690) .......................................... 7

Michael E. Tankersley, *How the Electronic Freedom of Information Act Amendments of 1996 Update Public Access for the Information Age*
50 ADMIN. L. REV. 421, 428 (1998) ........................................................................................ 7

## TABLE OF EXHIBITS

| Exhibit | Description | APP. Pages |
|---|---|---|
| 1 | June 28, 2024 FOIA Request and correspondence with NARA | APP. 3–6 |
| 2 | August 8, 2024 FOIA Request and correspondence with NARA | APP. 7–10 |
| 3 | H.R. REP. NO. 104-795, at 20 (1996), as reprinted in 1996 U.S.C.C.A.N. 3448, 3463 (1996 WL 532690) | APP. 11–51 |

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and Local Rule 7.1(d), Defendant National Archives and Records Administration ("NARA") respectfully files this Partial Motion to Dismiss Plaintiff Forum on Open Access to Government Records Inc.'s ("Plaintiff" or "Forum") Original Complaint ("NARA's Motion") and Brief in Support thereof.

## MOTION

Plaintiff's Original Complaint asserts only one cause of action against NARA: Plaintiff's Ninth Cause of Action for Violation of the Freedom of Information Act ("FOIA") for Failure to Affirmatively Disclose Records ("Plaintiff's FOIA Action"). *See* Plaintiff's Original Complaint, ECF 1 at ¶¶ 333–45. Plaintiff's FOIA Action should be dismissed pursuant to Rule 12(b)(1) because this Court lacks subject matter jurisdiction to award the requested relief under the plain language of the FOIA's remedial provision: 5 U.S.C. § 552(a)(4)(B). Plaintiff's FOIA Action should be dismissed pursuant to Rule 12(b)(6) because Plaintiff's FOIA Action fails to state a claim upon which relief can be granted. The records Plaintiff seeks to have uploaded to NARA's website fall outside of the statutory criteria for affirmative disclosure under the FOIA's electronic reading room provision: 5 U.S.C. § 552(a)(2)(D). Consequently, Plaintiff's FOIA Action fails as a matter of law.

For the foregoing reasons and those provided below in NARA's Brief in Support of its Partial Motion to Dismiss, NARA respectfully requests its Motion be granted, the Court dismiss Plaintiff's FOIA Action, and grant NARA any such further relief to which it may be entitled.

## BRIEF IN SUPPORT

### I.    Statement of Law

### A.  Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). Federal courts must consider a Rule 12(b)(1)

1

challenge before any other because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." (citation and internal quotation marks omitted)). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (quotation omitted)).

Once a party raises a challenge to subject-matter jurisdiction under Rule 12(b)(1), the burden falls upon the party seeking to invoke the court's jurisdiction to prove that it is proper. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject-matter jurisdiction is lacking. This is the first principle of federal jurisdiction." *Id.* (quotation omitted).

### B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted

2

are insufficient to support relief under a cognizable legal theory.  *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

### C.  Relevant FOIA Provisions

The FOIA's electronic reading room provision for frequently requested records provides:

(a)  Each agency shall make available to the public information as follows:
. . .
   (2) Each agency, in accordance with published rules, shall make available for public inspection in an electronic format—
. . .
      (D) copies of all records, regardless of form or format--
         (i) that have been released to any person under paragraph (3); and
         (ii)(I) that because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; or
         (II) that have been requested 3 or more times
. . .
      For records created on or after November 1, 1996, within one year after such date, each agency shall make such records available, including by computer telecommunications or, if computer telecommunications means have not been established by the agency, by other electronic means.

5 U.S.C. § 552(a)(2)(D).

The FOIA's remedial provision provides in relevant part:

On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B).

### II.    <u>Background</u>

This is the latest in a series of lawsuits Plaintiff's Counsel has filed against NARA and/or The Dallas County Historical Foundation d/b/a The Sixth Floor Museum at Dealey Plaza ("the Museum") seeking unrestricted access to the Zapruder Film, which depicts the assassination of President John F. Kennedy on November 22, 1963, in Dallas, Texas.  These lawsuits stem from a

series of FOIA requests submitted to NARA by Plaintiff's Counsel on behalf of his several, closely held corporate entities. Plaintiff Counsel's FOIA requests have sought various versions of the Zapruder Film or materials related to the 1964 Warren Commission Report on the Kennedy Assassination, which includes still-images from the Zapruder Film. *See* ECF 1 at ¶¶ 209–11 (describing Plaintiff Counsel's FOIA request for two versions of the Zapruder Film known as the Weitzman Film and the Mayn Film)[1]; *see id.* at ¶ 335 (describing Plaintiff Counsel's two FOIA requests for Warren Commission slides reflecting Zapruder Frames 171–334).

Relevant to the current lawsuit are a pair of FOIA requests submitted on June 28 and on August 8, 2024. *Id.* at ¶ 335. In the June request, Plaintiff's Counsel sought "Zapruder Transparencies 171-207, 212-334 (for the frames in Warren Commission Volume 18)." <u>Ex. 1</u>, Jun. 28, 2024 FOIA Request, APP. 6. And in the August request, Plaintiff's Counsel sought "Zapruder Transparencies 208-211." <u>Ex. 2</u>, Aug. 8, 2024 FOIA Request, APP. 10. In response to both requests, NARA informed Plaintiff's Counsel that the Zapruder Transparencies sought are "open to the public and available for viewing in [NARA's] research room in College Park, MD." *See* <u>Ex. 1</u>, APP. 5; <u>Ex. 2</u>, APP. 9. Plaintiff's Counsel appealed each response alleging that "copies of the requested documents were supposed to be provided" in electronic format under the FOIA's electronic reading room provision for frequently requested records: 5 U.S.C. § 552(a)(2)(D). *See* <u>Ex. 1</u>, APP. 5; <u>Ex. 2</u>, APP. 9.

Plaintiff Counsel's contention that the Zapruder Transparencies should be available for public inspection in an electronic format in NARA's electronic reading room forms the basis of Plaintiff's FOIA Action against NARA. ECF 1 at ¶¶ 333–45. To NARA's knowledge, Plaintiff's

---

[1] Plaintiff Counsel's lawsuit related to this first FOIA request was resolved in NARA's favor at summary judgment. *Foiaconsciousness.com LLC v. Nat'l Archives & Records Admin.*, 789 F. Supp. 3d 756 (N.D. Cal. 2025).

Counsel did not attempt to view the requested images at NARA's facility in College Park before filing this lawsuit.

### III.   <u>Argument</u>

### A. This Court Lacks Subject Matter Jurisdiction to Provide the Relief Requested in Plaintiff's FOIA Action

Plaintiff's FOIA Action is premised on the allegation that NARA has failed to meet its obligations to the public under the FOIA's electronic reading room provision for frequently requested records: 5 U.S.C. § 552(a)(2)(D). Plaintiff seeks an injunction ordering NARA to make the Zapruder Transparencies available to the public in NARA's electronic reading room. ECF 1 at ¶ 345. This Court lacks subject matter jurisdiction to award the requested relief.

The FOIA's remedial provision, Section "552(a)(4)(B) is aimed at relieving the injury suffered by the individual complainant, not by the general public." *Kennecott Utah Copper Corp. v. U.S. Dep't of Interior*, 88 F.3d 1191, 1203 (D.C. Cir. 1996). "It allows district courts to order 'the production of any agency records improperly withheld from the complainant,' not agency records withheld from the public.'" *Id.* (quoting 5 U.S.C. § 552(a)(4)(B)). Thus, the District of Columbia Court of Appeals, which has extensive experience with FOIA, "think[s] it clear that a court has no authority under FOIA to issue an injunction mandating that an agency 'make available for public inspection' documents subject to the reading-room provision." *Citizens for Resp. & Ethics in Washington v. United States Dep't of Just.*, 846 F.3d 1235, 1243 (D.C. Cir. 2017) (citing *Kennecott*, 88 F.3d at 1203).[2]

---

[2] The DC Circuit reviews a substantial number of FOIA complaints due its statutory grant of jurisdiction over such cases. *See* 5 U.S.C. § 552(a)(4)(B) ("On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, ***or in the District of Columbia***, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." (emphasis added)).

Instead, D.C. Circuit judges presiding over FOIA reading-room lawsuits have held that the only remedy the Court can order is for the agency to release the documents to the individual requester.  *See Campaign for Accountability v. U.S. Dep't of Just.*, 278 F. Supp. 3d 303, 316–17 (D.D.C. 2017) ("[T]his Court cannot order [the government] to 'make available for public inspection and copying' all documents that are subject to the reading-room provision, which is one of the remedies [the plaintiff] is seeking.  However, this Court is authorized to order that [the government] produce any documents that it has improperly withheld in violation of the reading-room provision to [the plaintiff]. . . . [S]o construed, the instant complaint seeks an order requiring that [the government] produce to [the plaintiff] any opinions that are subject to the reading-room provision—a type of relief that the D.C. Circuit has found to be available under the FOIA's remedial provision."  (citing *Citizens*, 846 F.3d at 1244)).  This Court should adopt the D.C. Circuit's reasoning to hold that the FOIA does not provide it with jurisdiction to enforce the electronic reading-room provision.  As this is the only relief sought in Plaintiff's FOIA Action, that cause of action should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

### B.   Plaintiff Has Failed to State a Claim Under the FOIA's Electronic Reading Room Provisions

If this Court determines that it does possess subject matter jurisdiction to adjudicate Plaintiff's FOIA Action, Plaintiff will still have failed to state a cause of action for which relief may be granted because the requested records fall outside of the statutory criteria for affirmative disclosure under the FOIA's electronic reading room provision.

The electronic reading room provision only applies to records created by an agency after November 1, 1996.  The statute specifically provides: "***For records created on or after November 1, 1996***, within one year after such date, each agency shall make such records available, including by computer telecommunications or, if computer telecommunications means have not been

established by the agency, by other electronic means." 5 U.S.C. § 552(a)(2) (emphasis added).

This language was added to the FOIA statutes by the E-FOIA Amendments Act of 1996, and the

related House Report explains that the new provisions apply only to records created after

November 1, 1996:

> This section of the bill requires that materials, such as agency opinions and policy statements, which an agency must "make available for public inspection and copying," pursuant to Section 552(a)(2), **_and which are created on or after November 1, 1996_**, be made available by computer telecommunications, and in hard copy, within one year after the date of enactment.

Ex. 3, H.R. REP. NO. 104-795, at 20 (1996), as reprinted in 1996 U.S.C.C.A.N. 3448, 3463 (1996

WL 532690) (emphasis added), APP. 31. Contemporaneous legal scholarship also recognized the

date restriction placed upon the FOIA's new electronic reading room provision, even for frequently

requested records. *See* Michael E. Tankersley, *How the Electronic Freedom of Information Act*

*Amendments of 1996 Update Public Access for the Information Age*, 50 ADMIN. L. REV. 421, 428

(1998) ("More significantly, the electronic reading rooms must also provide the public with access

to any other type of record that the agency determines has been, or is likely to become, the subject

of subsequent requests, ***if the record was created after November 1, 1996***." (emphasis added)).

Further, guidance issued by the Department of Justice on administering the FOIA advises

agencies that the electronic reading-room provision does not apply to documents that were created

by third parties before or after November 1, 1996. DEP'T OF JUSTICE, OFFICE OF INFORMATION

POLICY, *FOIA Update, Volume XVIII, No. 1* (Jan. 1, 1997), available at

https://www.justice.gov/archives/oip/blog/oip-guidance-amendment-implementation-questions

(records that "were generated elsewhere and were merely obtained by" an agency "are not 'created'

by the agency and should not be regarded as subject to the new electronic availability

requirement"). DOJ guidance further advises an agency may *elect* to post such documents in its

reading rooms as a matter of "administrative discretion," but there is no legal obligation to do so.

7

*Id.*; *see also* DEP'T OF JUSTICE, OFFICE OF INFORMATION POLICY, *FOIA Guide, 2004 Edition: FOIA Reading Rooms* (last updated Dec. 3, 2021), available at https://www.justice.gov/archives/oip/foia-guide-2004-edition-foia-reading-rooms ("[Agencies] should be mindful that some of the records falling under this fourth category might not have been created by the agency and instead might have been generated elsewhere; while such records may be determined by the agency to fall within subsection (a)(2)(D), they are not 'created' by the agency and should not be regarded as subject to the electronic availability requirement.  However, an agency may as a matter of administrative discretion choose to make such records available electronically even though they were not generated by the agency, or not created after November 1, 1996, when to do so would be most cost-effective in serving public access needs under subsection (a)(2)(D).").

Plaintiff seeks to have the Zapruder Transparencies relied upon by the Warren Commission uploaded to NARA's electronic reading room.  But the Transparencies were not created by NARA, and it is an undisputed fact that the Warren Commission issued its report on the assassination of President Kennedy in 1964.  *See* ECF 1 at ¶¶ 39–41, 335.  Thus, according to Plaintiff's own pleading, the Zapruder transparencies were created by a third party over thirty years before the effective date of the FOIA's electronic reading room provision.  There is no basis in law to award Plaintiff the recovery sought, and Plaintiff has therefore failed to state a claim under Rule 12(b)(6).

## IV.    Conclusion

For the foregoing reasons, NARA respectfully requests the Court grant NARA's Motion to Dismiss, dismiss Plaintiff's FOIA Action, and grant NARA any such further relief to which it may be entitled.

8

DATE: November 21, 2025

Respectfully Submitted,

BRETT SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

*/s/ Matthew D. Tanner*
MATTHEW D. TANNER
DC Bar ID. 90030614
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530
Matthew.D.Tanner@usdoj.gov
Telephone:    (202) 305-9847
Facsimile:    (202) 307-0345

**ATTORNEYS FOR DEFENDANT THE
NATIONAL ARCHIVES AND RECORDS
ADMINISTRATION**

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, I electronically filed the foregoing with the

Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all

counsel of record.

*/s/ Matthew D. Tanner*
Matthew D. Tanner

9