**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| FORUM ON OPEN ACCESS TO GOVERNMENT RECORDS INC., <br><br> Plaintiff, <br><br> v. <br><br> DALLAS COUNTY HISTORICAL FOUNDATION, d/b/a THE SIXTH FLOOR MUSEUM AT DEALEY PLAZA, and NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, <br><br> Defendants. | § § § § § § § § § § § § § | Civil Action No.: 3:25-CV-02034-B |

**PLAINTIFF FORUM ON OPEN ACCESS TO GOVERNMENT RECORDS INC.'s**
**RESPONSE AND BRIEF IN OPPOSITION TO**
**NATIONAL ARCHIVES & RECORDS ADMINISTRATION'S MOTION TO DISMISS**

Plaintiff FORUM ON OPEN ACCESS TO GOVERNMENT RECORDS INC. ("Plaintiff" or "Forum") submits Plaintiff's Response and Brief in Opposition to the Motion to Dismiss filed by the National Archives and Records Administration ("NARA," "National Archives" or "Defendant") (Dkt. No. 28). For the reasons set forth in the accompanying brief, the Court should deny the motion.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................3

I. INTRODUCTION ..........................................................................................4

II. FACTUAL BACKGROUND ...........................................................................5

    A. The Forum Opens to Increase Transparency on the Zapruder Film .........................5

    B. The Zapruder Frames are Commonly Requested Records .......................................6

    C. Plaintiff Requests Zapruder Frames 171–334 under FOIA .....................................6

    D. NARA Refuses to Produce and Post Zapruder Frames Under FOIA ........................7

III. LEGAL STANDARD....................................................................................8

IV. ARGUMENT ...............................................................................................8

    A. This Court Has Subject Matter Jurisdiction Under FOIA's Remedial Provision .........8

    B. Plaintiff States a Claim Under FOIA's Electronic Reading Room Provision............11

V. CONCLUSION .............................................................................................13

CERTIFICATE OF SERVICE .............................................................................14

# TABLE OF AUTHORITIES

*Animal Legal Defense Fund v. U.S. Department of Agriculture,*
935 F.3d 858 (9th Cir. 2019) ..................................................................................... 9-11

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) .................................................................................................... 8

*Bramlett v. Medical Protective Co. of Fort Wayne, Indiana,*
855 F. Supp. 2d 615 (N.D. Tex. 2012) ....................................................................... 8

*Citizens for Responsibility & Ethics in Washington v. United States Department of Justice,*
846 F.3d 1235 (D.C. Cir. 2017) ................................................................................. 10

*In re Katrina Canal Breaches Litigation,*
495 F.3d 191 (5th Cir. 2007) ...................................................................................... 8

*La Unión del Pueblo Entero v. Federal Emergency Management Agency,*
No. 5:21-CV-71, 2023 U.S. Dist. LEXIS 134073 (S.D. Tex. June 12, 2023)......... 9-10, 12

*New York Legal Assistance Group v. Board of Immigration Appeals,*
987 F.3d 207 (2d Cir. 2021)....................................................................................... 9-10

*Paterson v. Weinberger,*
644 F.2d 521 (5th Cir. 1981) ...................................................................................... 8

*Ramming v. United States,*
281 F.3d 158 (5th Cir. 2001) ...................................................................................... 8

**Statutes**

5 U.S.C. § 552(a)(2)(D),
Electronic Reading Room Provision................................................................. 5, 9, 11-12

5 U.S.C. § 552(a)(4)(B),
FOIA Remedial Provision................................................................................. 4, 8-10, 12

5 U.S.C. § 552(a)(6)(A)(ii),
FOIA Appeal Deadlines..................................................................................... 6

**Federal Rules of Civil Procedure**

12(b)(1) ....................................................................................................................... 5, 8, 10

12(b)(6) ....................................................................................................................... 5, 8, 12

## I.    INTRODUCTION

Secrecy surrounding the Zapruder film has perpetuated conspiracy theories about the Kennedy assassination. More than sixty years later, in an era defined by digital access to public records, the federal government and a private museum have chosen litigation rather than allowing the public to obtain copies of photographs that are indisputably public records.

Those entrusted with public records should embrace transparency rather than perpetuate the very secrecy that has caused widespread public distrust. Defendants do not dispute that Plaintiff has properly requested records under FOIA. Defendants do not dispute they are the ones that control the public records. Yet both Defendants assert they should be dismissed and that Plaintiff should be left with no remedy in this lawsuit. Fortunately for the cause of government transparency, FOIA law indicates that the National Archives' motion should be denied.

First, the National Archives seeks dismissal on the theory that FOIA provides no remedy for an agency's failure to post frequently requested records and that the Zapruder frames fall outside FOIA's affirmative disclosure mandate. Dkt. No. 28, pp. 5-7. Neither argument has merit. The Fifth Circuit has not adopted the D.C. Circuit's narrow view of FOIA's remedial provision advanced in *Citizens for Responsibility & Ethics in Washington*. To the contrary, the only court within the Fifth Circuit to squarely interpret § 552(a)(4)(B) in this context expressly rejected the D.C. Circuit's approach, and instead adopted the statutory interpretation developed by the Second and Ninth Circuits. Those courts hold that FOIA authorizes district courts both to order the production of improperly withheld records to the requestor and also to enjoin an agency from withholding by requiring posting online in the "electronic reading room."

Plaintiff alleges that Zapruder frames 171–334 (those appearing in the 1964 Warren Commission Report) are public records that have been repeatedly requested for decades. There is so much interest in the Zapruder film that NARA maintains an online "FAQ" on how to request it. NARA has improperly withheld the frames by refusing both production and posting. Plaintiff

also alleges that NARA refused to adjudicate Plaintiff's appeals and continues to rely on the Museum's privately asserted copyright as a barrier to disclosure, despite FOIA's nondiscretionary requirements. These allegations satisfy the pleading standards under Rules 12(b)(1) and 12(b)(6).

Second, NARA requests dismissal for failure to state a claim. However, the Motion to Dismiss should also be denied under Rule 12(b)(6). As discussed, Plaintiff adequately alleges that Zapruder frames 171-334 are frequently requested public records in possession of the National Archives and fall squarely within § 552(a)(2)(D). Dkt. No. 1 ("Compl.") at ¶¶ 338–345.

In two separate requests, Plaintiff specifically requested Zapruder frames 171-334 under FOIA, but NARA refused to produce the records or post them on its website. *Id*. at ¶¶ 190–208, 334–345. These allegations are sufficient to satisfy pleading standards.

Even if NARA were correct about the failure to state a claim under the electronic reading room provision, Plaintiff will still be able to state a valid FOIA claim. If the Court dismisses the electronic reading room claim, Plaintiff seeks leave to add a claim for a plain FOIA violation.

## II.    FACTUAL BACKGROUND

### A.  The Forum Opens to Increase Transparency on the Zapruder Film

The Forum on Open Access to Government Records, Inc. ("Forum") is an organization dedicated to ensuring public access to government records. Compl. at ¶ 32. The National Archives maintains billions of documents in paper form that can only be viewed by physically visiting its facilities, despite possessing the newest and most extensive digitization capabilities available. The Forum's researcher undertook a months-long effort requiring multiple visits to NARA's College Park facility. On each visit, the researcher manually pulled boxes of documents, reviewing and photographing them one by one. *Id*. at ¶ 33. The researcher identified and photographed more than 100 historically significant documents relating to the Zapruder Film—materials that had never previously been made available online despite their relevance to understanding the film's custody, handling, and reproduction history. *Id*. at ¶ 34. The Forum later published these documents on

ZapruderFilm.com, making them freely accessible to the public for the first time. *Id*. However, Defendants refuse to allow Plaintiff to do the same for the Zapruder frames themselves.

### B.  The Zapruder Frames are Commonly Requested Records

The Zapruder frames are public records that have been repeatedly requested, viewed, and cited by researchers since 1964. Compl. at ¶¶ 339–340. The Zapruder frames were integral to each government investigation of the assassination of President Kennedy and have been frequently requested and viewed by authors and researchers. *Id*. at ¶ 340. Numerous researchers—including authors Harold Weisberg, Stuart Galanor, David Lifton, Fred Newcomb, and Perry Adams—personally examined the Zapruder frames at the National Archives and went on to publish discussing their visits. *Id*.

### C.  Plaintiff Requests Zapruder Frames 171-334 under FOIA

On June 28, 2024, Plaintiff submitted a FOIA request to NARA via email for Zapruder Frames 171–207 and 212–334. Compl. at ¶ 202. Plaintiff alleges that the request complied with all applicable FOIA regulations. *Id*. NARA responded on July 1, 2024, but refused to grant the request on the grounds that the Sixth Floor Museum purportedly holds a copyright interest in the slides. *Id*. at ¶¶ 203, 207. NARA's response informed Plaintiff that although the records are federal records "open to the public" for viewing at NARA's College Park facility, NARA would not permit copies or reproduction without the Museum's written permission. *Id*. at ¶ 203.

Plaintiff filed an administrative appeal on July 1, 2024. Compl. at ¶ 204. NARA acknowledged the appeal on July 2, 2024, but never issued a determination, despite FOIA's requirement that an appeal be decided within twenty working days. *Id*.; 5 U.S.C. § 552(a)(6)(A)(ii). Plaintiff alleges that NARA's failure to adjudicate the appeal constitutes an improper withholding under FOIA. Compl. at ¶ 204.

On August 8, 2024, Plaintiff submitted a second FOIA request for Zapruder frames 208–211. *Id*. at ¶ 205. NARA denied the request on August 9, 2024, again citing the Museum's

purported copyright and refusing to provide copies. *Id*. at ¶¶ 206–207. Plaintiff filed an administrative appeal on the same day, which NARA acknowledged on August 12, 2024, but again never adjudicated. *Id*. at ¶¶ 208–209.

Plaintiff was not the only requester to have Zapruder-related FOIA requests denied due to the Museum's asserted copyright. *Id*. at ¶¶ 209–211. NARA's refusal to process Plaintiff's requests and its reliance on the Museum's claimed copyright directly conflict with NARA's own prior statements, as well as the Office of Legal Counsel's opinion that FOIA requires disclosure of copyrighted agency records. *Id*. at ¶¶ 197–201.

The Zapruder Frames are "frequently requested records" because they have been requested and viewed by the public three or more times, and because they are likely to continue being requested due to their historical significance. Compl. at ¶¶ 338–342. NARA has a nondiscretionary duty to post such records in its electronic reading room and that NARA's refusal to do so constitutes improper withholding. *Id*. at ¶¶ 341–345. Plaintiff seeks both an order requiring NARA to publish the requested records online and an order requiring NARA to produce copies directly to Plaintiff. *Id*. at ¶¶ 344–345.

### D. NARA Refuses to Produce and Post Zapruder Frames Under FOIA

NARA denied Plaintiff's requests for Zapruder frames 171-334 on the grounds of the Museum's copyright and then failed to respond to Plaintiff's appeals within the statutory deadlines. *Id*. at ¶¶ 335–345. NARA failed to produce or post the requested records. NARA prohibits any photography of the Zapruder frames themselves. Whether sought through FOIA or through an in-person visit, researchers are barred from obtaining photographs or reproductions of these frames, even though this special treatment is not supported under any FOIA provision and even though NARA routinely allows photography of countless other archival materials. *Id*. at ¶¶ 190–208.

### III.    LEGAL STANDARD

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's amended] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When contesting subject matter jurisdiction under Rule 12(b)(1), a party can make a facial attack or a factual attack. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When, as here, the party merely files a Rule 12(b)(1) motion, the attack is facial, and the court looks only at the sufficiency of the allegations in the complaint and assumes them to be true. *Id*. "The burden of proof . . . is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). If the allegations are sufficient to allege jurisdiction, the court must deny the motion and entertain the claim. *Paterson*, 644 F.2d at 523.

### IV.    ARGUMENT

**A. This Court Has Subject Matter Jurisdiction Under FOIA's Remedial Provision**

Defendant argues that this Court lacks subject matter jurisdiction to award the relief Plaintiff seeks because FOIA's remedial provision, 5 U.S.C. § 552(a)(4)(B), authorizes only relief aimed at an individual requester rather than public posting. Dkt. No. 28, at p. 5. Defendant relies on decisions from the D.C. Circuit to argue that courts cannot order an agency to "make available for public inspection" documents subject to the electronic reading-room provision. Defendant contends that because Plaintiff seeks an order requiring NARA to post Zapruder records in its electronic reading room, the requested remedy falls outside the scope of the statute, depriving this Court of jurisdiction. *Id.* at p. 6. Defendant also asserts that § 552(a)(4)(B) limits courts to ordering

production "to the individual requester," and therefore cannot support prospective injunctive relief requiring posting. *Id.*

The jurisdictional challenge fails. The Fifth Circuit has not adopted the D.C. Circuit's narrow interpretation of § 552(a)(4)(B), and the only district court within the Fifth Circuit to address this question—*La Unión Del Pueblo Entero v. FEMA*, No. 5:21-CV-71, 2023 U.S. Dist. LEXIS 134073, 2023 WL 6014397 (S.D. Tex. June 12, 2023) (R&R adopted in part, August 1, 2023) —squarely rejected the D.C. Circuit's reasoning.

Instead, the court adopted the approach of the Second and Ninth Circuits, both of which hold that § 552(a)(4)(B) empowers district courts to order agencies to post records in their electronic reading rooms and to produce records to the complainant. *Id.* at *29 (citing *New York Legal Assistance Grp. v. Bd. of Immigr. Appeals*, 987 F.3d 207, 215 (2d Cir. 2021); *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858, 877 (9th Cir. 2019)). *Unión Del Pueblo* explained that FOIA's remedial clause contains two independent grants of judicial authority: the power to "enjoin the agency from withholding" and the power to "order the production" of improperly withheld records. *Unión Del Pueblo*, 2023 U.S. Dist. LEXIS 134073, at *36; 5 U.S.C. § 552(a)(4)(B).

Magistrate Judge John A. Kazen held that the court may enjoin an agency that fails to post records on its website, where they are requested 3 or more times. *Unión Del Pueblo,* 2023 U.S. Dist. LEXIS 134073, at *27–31. This reading is consistent with the Ninth Circuit's *Animal Legal Defense Fund* opinion. *Animal Legal Defense*, 935 F.3d at 877 ("FOIA authorizes district courts to provide the relief Plaintiffs request[.]").

This authority directly supports jurisdiction here. Plaintiff alleges that NARA has improperly withheld frequently requested federal records by refusing to post Zapruder frames in its online electronic reading room, despite being frequently requested. Compl. at ¶¶ 338–342. Plaintiff further alleges that these records fall squarely within § 552(a)(2)(D)'s requirements, and

that NARA has failed to discharge a nondiscretionary duty. *Id*. at ¶¶ 339–341. These allegations describe precisely the type of withholding that is reviewable and remediable under § 552(a)(4)(B)'s first clause.

Defendant's reliance on *Citizens for Resp. & Ethics in Washington* ("*CREW*") is unpersuasive. Besides being an out-of-circuit decision not binding on this Court, a local court *Unión Del Pueblo* expressly declined to follow it, explaining that *CREW*'s remedial limitation is inconsistent with FOIA's text, structure, and purpose. *Unión Del Pueblo*, 2023 U.S. Dist. LEXIS 134073, at *28–32 (citing *Citizens for Resp. & Ethics in Washington v. United States Dep't of Just.*, 846 F.3d 1235, 1243-44 (D.C. Cir. 2017)). *CREW* also conflicts with the remedial interpretation of § 552(a)(4)(B) adopted by the Second and Ninth Circuits, both of which interpret the phrase "enjoin the agency from withholding" as affirmatively requiring posting. *Unión Del Pueblo*, 2023 U.S. Dist. LEXIS 134073, at *36 (citing *Animal League Defense*, 935 F.3d at 870; *New York Legal*, 987 F.3d at 215).

Even if the Court were to adopt the D.C. Circuit's narrow view of posting relief, which *Unión Del Pueblo* rejects, Defendant's jurisdictional argument still fails because this Court would retain jurisdiction to order the records produced to Plaintiff alone. Plaintiff specifically alleges that NARA improperly withheld the records by refusing to provide copies to Plaintiff and by refusing to adjudicate Plaintiff's administrative appeals. Compl. at ¶¶ 203–207, 336–344. At minimum, § 552(a)(4)(B)'s first sentence authorizes an order compelling NARA to produce the requested records directly to Plaintiff. 5 U.S.C. § 552(a)(4)(B). The availability of this remedy is sufficient to defeat Defendant's jurisdictional challenge. Because FOIA expressly grants district courts jurisdiction to enjoin withholding and to order production, and because the Complaint alleges misconduct that falls within both categories, Defendant's Rule 12(b)(1) motion must be denied.

B.    **Plaintiff States a Claim Under FOIA's Electronic Reading Room Provision**

NARA also argues the Zapruder frames are ineligible for the electronic reading room provision because they were not created on or after November 1, 1996. Dkt. No. 28, at pp. 6-7. Further, NARA also argues they are also ineligible because the records were created by a third party.

Each argument misstates the law. The FOIA provision at issue applies to records released that have been requested three or more times. 5 U.S.C. § 552(a)(2)(D).

As the Ninth Circuit explained:

> Congress ushered FOIA into the electronic age in 1996, amending the statute to require proactively disclosed records created after November 1, 1996, to be available by "electronic means." *See* Electronic Freedom of Information Act Amendments of 1996, Pub. L. No. 104-231, 110 Stat. 3048 (1996). In 2016, Congress again amended § 552(a)(2), this time specifying that agencies shall make records available "for public inspection in an electronic format." FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538 (2016). As a result, agencies today simply post records in electronic reading rooms on their websites rather than requiring citizens to visit an agency's physical reading room in person.

> The 1996 amendments also added a new category of records to the reading-room provision: frequently requested records. See Electronic Freedom of Information Act Amendments of 1996, Pub. L. No. 104-231. Legislative reports, the DOJ, and the DOJ's Office of Information Policy ("OIP") justify the availability of frequently requested records in terms of reducing requests for copies, streamlining processing, and trimming bloated agency backlogs. The 2016 amendments retained an agency's ability to determine which records deserved § 552(a)(2) treatment based on the likelihood of "becom[ing] the subject of subsequent requests[,]" but also codified the "Rule of 3," requiring automatic reading-room treatment for records previously released under § 552(a)(3) and requested three or more times. 5 U.S.C. § 552(a)(2)(D).

*Animal Legal Defense*, 935 F.3d at 877.

Nothing in the statutory text limits the provision to records created on or after 1996. The Second and Ninth Circuit decisions make clear that the remedial and disclosure duties under § 552(a)(2)(D) apply based on the frequency of the requests and how likely it is the records are to be requested, not on the date the record was created or the identity of the original creator. *Animal*

*Legal Defense*, 935 F.3d at 877 ("The 2016 amendments required automatic reading-room treatment for records previously released under § 552(a)(3) and requested three or more times.")

The Complaint plausibly alleges that the Zapruder frames satisfy § 552(a)(2)(D)'s requirements. Plaintiff alleges that researchers have repeatedly requested and viewed the Zapruder frames at the National Archives for decades. Compl. at ¶¶ 339–341. Plaintiff specifically identifies multiple authors who requested and examined the frames at NARA and published books describing their visits. *Id*. at ¶¶ 339–341. Plaintiff itself submitted two FOIA requests for the same material. *Id*. at ¶¶ 202–207, 336. These allegations are sufficient to plausibly allege that the records were requested "3 or more times," satisfying § 552(a)(2)(D)(ii)(II).

Defendant's argument that pre-1996 records are categorically excluded from the reading room obligation is inconsistent with the statutory text. Section 552(a)(2)(D) sets out the categories of records that must be posted. The later sentence regarding the one-year deadline for electronic posting after November 1, 1996, sets a timeline for agencies to make new records available, not a limitation on which records qualify under the Rule of 3 provision. 5 U.S.C. § 552(a)(2)(D). *Unión Del Pueblo* held that the electronic reading-room duty applies whenever the statutory criteria are met. *Id*. at *31–33.

The Complaint further alleges that NARA withheld the records by refusing to provide copies to Plaintiff and by refusing to adjudicate the administrative appeals. Compl. at ¶¶ 203–207, 336–344. These allegations independently state a claim under FOIA's remedial provision. Section 552(a)(4)(B) authorizes production-to-requester relief. 5 U.S.C. § 552(a)(4)(B). At minimum, the Complaint plausibly alleges improper withholding of federal records that must be produced to Plaintiff under § 552(a)(4)(B).

Because the Complaint alleges repeated requests, ongoing public demand, improper withholding, and NARA's failure to comply with § 552(a)(2)(D), Plaintiff has stated a claim upon which relief can be granted. Defendant's Rule 12(b)(6) motion should therefore be denied.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the National Archives' motion to dismiss. If the Court grants the motion, Plaintiff respectfully requests leave to amend.

Dated: December 12, 2025                    Respectfully submitted,

**JAVITCH LAW OFFICE**

/s/  Mark L. Javitch
Mark L. Javitch
CA Bar No. 323729 (admitted *pro hac vice*)
mark@javitchlawoffice.com
----
3 East 3rd Ave., Ste. 200
San Mateo, CA 94401
(650) 781-8000 | Main
(650) 648-0705 | Fax

--and--

**CHAMPION LLP**

Austin Champion
Texas Bar No. 24065030
austin.champion@championllp.com

Ryan J. Reynolds
Texas Bar No. 24110268
ryan.reynolds@championllp.com
----
2200 Ross Avenue
Suite 4500W
Dallas, Texas 75201
214-225-8880 | Main
214-225-8881 | Fax

**COUNSEL FOR FORUM ON OPEN ACCESS
TO GOVERNMENT RECORDS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, the foregoing was filed through the Court's electronic filing system and will be sent electronically to the parties via the Court's electronic filing system.

*/s/ Mark L. Javitch*
Mark L. Javitch
